**F I L E D**

**UNITED STATES COURT OF APPEALS**

**March 27, 2007**

**TENTH CIRCUIT**

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff - Appellee, | No. 06-5021 |
| v. | N.D. Oklahoma |
| KENNETH ALAN LOWE, | (D.C. No. 93-CR-186-TCK) |
| Defendant - Appellant. | |

**ORDER AND JUDGMENT**[*]

Before **HENRY**, **BRISCOE**, and **O'BRIEN**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

*I. Background*

Kenneth Alan Lowe was convicted on robbery and conspiracy charges and sentenced to 228 months imprisonment, three years of supervised release, $10,000

---

[*]This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

restitution and a $100 special assessment. On December 12, 2005, Lowe,

proceeding *pro se*,[1] filed a "Motion to Revise Restitution Payment Schedule" and

on January 05, 2006, the district court entered an "Order Modifying Payment

Schedule." (Doc. No. 79, 80.) Lowe appeals from the district court's order

claiming it implicitly delegates to the Bureau of Prisons the task of creating the

payment schedule in violation of 18 U.S.C. § 3664(f) and as prohibited by *United*

*States v. Overholt*, 307 F.3d 1231 (10th Cir. 2002).[2] We AFFIRM.

## *II. Discussion*

In *Overholt*, we disapproved of a district court's restitution order which

stated:

> Restitution shall be paid in full immediately. Any amount not paid
> immediately shall be paid while in custody through the Bureau of
> Prisons' Inmate Financial Responsibility Program. Upon release
> from custody, any unpaid balance shall be paid as a condition of
> supervised release . . . .

*Id*. at 1255. We determined the order improperly delegated the court's duty to

provide for an appropriate payment schedule to the Bureau of Prisons pursuant to

18 U.S.C. § 3664.[3] Mindful of the split in our sister circuits on this issue, we

---

[1] *Pro se* pleadings are liberally construed. *Ledbetter v. City of Topeka,* 318 F.3d 1183, 1187 (10th Cir. 2003).

[2] Lowe's motion to proceed *in forma pauperis* is granted.

[3] 18 U.S.C. § 3664, entitled "Procedure for issuance and enforcement of order of restitution" requires the district court to set a payment schedule based on the defendant's financial resources. It states:

concluded "[t]he governing statute, . . . particularly as amended by the Anti-terrorism and Effective Death Penalty Act (AEDPA) in 1996, clearly contemplates judicial control of restitution payment schedules." *Id*. Although "[t]he court is granted considerable discretion in structuring a payment schedule,"[4] it must be the judicial authority which sets a reasonable payment

> Upon determination of the amount of restitution owed to each victim, the court shall, pursuant to section 3572, specify in the restitution order the manner in which, and the schedule according to which, the restitution is to be paid, in consideration of-
>
>> (A) the financial resources and other assets of the defendant, including whether any of these assets are jointly controlled;
>>
>> (B) projected earnings and other income of the defendant;  and
>>
>> (C) any financial obligations of the defendant;  including obligations to dependents.

18 U.S.C. § 3664(f)(2).

[4] Section 3664(f)(3) provides:

> (A) A restitution order may direct the defendant to make a single, lump-sum payment, partial payments at specified intervals, in-kind payments, or a combination of payments at specified intervals and in-kind payments.
>
> (B) A restitution order may direct the defendant to make nominal periodic payments if the court finds from facts on the record that the economic circumstances of the defendant do not allow the payment of any amount of a restitution order, and do not allow for the payment of the full amount of a restitution order in the foreseeable future under any reasonable schedule of payments.

schedule. *Id.* at 1256.

Lowe's motion to revise his restitution payment schedule claimed "[o]n several occasions the [B]ureau of Prisons has taken personal funds from my account that my family has sent and raised my payment schedule based on those unscheduled gifts." (Doc. 79 at 2.) He argued the ability of the Bureau of Prisons to change his payment schedule based upon the receipt of gifts from his family violated our ruling in *Overholt*.

The district court granted his request for modification and ordered in relevant part:

> Special Monetary Assessments totaling $100, and restitution in the amount of $9,963.85 as to Count One and $36.15 as to Count Three are due in full immediately, but payable on a schedule of the greater of $25 quarterly or 50% in income pursuant to the Federal Bureau of Prisons' Inmate Financial Responsibility Program while in prison. If restitution and fine balances remain, payment is to commence no later than 60 days following release from imprisonment to a term of supervised release in equal monthly payments of at least $25 or 10% of net income (take home pay), whichever is greater, over the duration of the term of supervised release and thereafter as prescribed by law for as long as some debt remains. Notwithstanding establishment of a payment schedule, nothing shall prohibit the United States from executing or levying upon property of the defendant discovered before or after the date of this Judgment. The Court orders that interest shall be waived.

(Doc. 80, Attach. 1.) Lowe contends this modification "can be interpreted in several different ways in which the Bureau is still able to raise the payment at will." (Appellant's Reply Br. at 2.) Lowe does not provide an example of such interpretation. Rather, his only complaint is that the court's order allows the

-4-

Bureau of Prisons to continue to apply 50% of any gift Lowe receives toward his restitution payments.

The Financial Responsibility Program requires unit staff to assist an inmate in preparing a financial plan and monitoring the inmates' progress in meeting payment. *Id*. at §545.11(a). Payments are to be made from "institution resources or non-institution (community) resources." 28 CFR § 545.11(b). Unlike *Overholt*, the district court's order does not delegate to the Bureau discretion to change the payment schedule by changing its regulations. Lowe fails to cite any case or law that excludes gifts from income or limits the court's discretion to include unexpected monetary contributions.

*Conclusion*

*Overholt* requires a payment schedule which must be adhered to by both Lowe and the Bureau of Prisons. The order in this case requires the Bureau of Prisons to collect "the greater of $25 quarterly or 50% in income," in compliance with *Overholt's* requirement. AFFIRMED.

ENTERED FOR THE COURT

Terrence L. O'Brien
Circuit Judge