# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 09-3050

———————

United States of America,

        Appellee,

v.

Jose Luis Martinez,

        Appellant.

\*
\*
\*
\*  Appeal from the United States
\*  District Court for the
\*  Western District of Arkansas.
\*
\*     [UNPUBLISHED]
\*

———————

Submitted: November 15, 2010
Filed: February 14, 2011

———————

Before RILEY, Chief Judge, MELLOY and GRUENDER, Circuit Judges.

———————

PER CURIAM.

Pursuant to a plea agreement, Jose Luis Martinez pled guilty to knowingly possessing with intent to distribute a mixture or substance containing a detectable amount of methamphetamine, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2. The United States Probation Office prepared a presentence investigation report (PSR) calculating a United States Sentencing Guidelines (U.S.S.G. or Guidelines) range of 70 to 87 months imprisonment, two to three years supervised release, and a $12,500

to $1,000,000 fine. The district court[1] reviewed the PSR, read the parties' sentencing memoranda, heard the testimony of five witnesses, listened to the arguments of counsel and considered Martinez's allocution. The district court granted the government's motion for a downward departure, pursuant to U.S.S.G. § 5K1.1, based on Martinez's substantial assistance to authorities, reducing Martinez's advisory Guidelines range to 57 to 71 months imprisonment, two to three years supervised release, and a $10,000 to $1,000,000 fine. The court sentenced Martinez to 66 months imprisonment and three years supervised release, and imposed a fine of $50,000, with no interest accruing. The fine could be paid immediately or upon a schedule of $25 per quarter while Martinez is imprisoned, and upon release, $200 monthly, or ten percent of his monthly household income, whichever is greater.

Martinez appeals the amount of his fine. Because Martinez did not object to the fine at sentencing, we review for plain error. See United States v. Vaughn, 519 F.3d 802, 804 (8th Cir. 2008) ("If a defendant fails to object timely to a procedural sentencing error, the error is forfeited and may only be reviewed for plain error."). "Under plain error review, [Martinez] must show: (1) an error; (2) that is plain; and (3) that affects substantial rights." United States v. Alston, 626 F.3d 397, 405 (8th Cir. 2010) (internal quotation marks omitted). We will not correct a plain error "unless it seriously affects the fairness, integrity, or public reputation of judicial proceedings." United States v. Williams, 624 F.3d 889, 897 (8th Cir. 2010). It is Martinez's burden to show "there is a reasonable probability he would have received a lighter sentence but for the error." United States v. Brewer, 624 F.3d 900, 909 n.6 (8th Cir. 2010) (quoting United States v. Bain, 586 F.3d 634, 640 (8th Cir. 2009)).

Martinez cannot carry his burden. He contends (1) the fine is unreasonable because the district court failed to consider Martinez's ability to pay the fine and the

---

[1]The Honorable Jimm Larry Hendren, Chief Judge, United States District Court for the Western District of Arkansas.

financial impact the fine places on Martinez and his dependants, and (2) there is "no evidence that the district court considered the pertinent factors prior to imposing the fine." Martinez calculates that, if he paid the minimum monthly amount permitted under the district court's order, he would have paid less than half the fine by the time his supervised release is terminated. He also speculates, based on his wife's testimony that she is having trouble making ends meet now, his payment of any amount larger than the $10,000 minimum would cause his family to suffer severe hardship. Except for the amount of the fine itself, Martinez points to no evidence the district court failed to consider either his ability to pay or the fine's impact on his family. The district court considered that Martinez has talent, having been a disc jockey and a sales representative, and also involved in his own legitimate business. The court found Martinez has "ways in which to make money without dealing drugs." Furthermore, the PSR indicates Martinez possesses significant assets, such as home equity and a rental property, which might be liquidated over time to pay all or a portion of the fine. There is no basis to conclude the district court failed to consider Martinez's ability to pay or the fine's impact on his family.

Martinez also argues the district court plainly erred because the sentencing transcript does not indicate the district court considered the U.S.S.G. § 5E1.2(d) factors in determining the amount of the fine. According to Martinez, "the only consideration that the judge used regarding the fine was" the court's observation that Martinez's drug distribution was "a business and it was about money." This argument has no merit. As we observed in Alston, 626 F.3d at 405, the district court "referenced [Martinez's] ability to work while in prison, and the court established an installment schedule for payment of the fine." The court also discussed Martinez's employment history, and the PSR shows Martinez owns significant assets. See United States v. Herron, 539 F.3d 881, 888-89 (8th Cir. 2008) (finding no plain error where information in the PSR, sentencing memoranda and counsels' arguments "provide[d] sufficient information to establish that the factors were considered and that [the defendant] failed to establish that he could not pay or was not likely to be able to pay

a fine").  The district court did not plainly err in determining the amount of Martinez's fine.

Accordingly, we affirm.

_____