# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 10-1620

_____

United States of America,                   *
                                            *
          Plaintiff - Appellee,             *
                                            *   Appeal from the United States
     v.                                     *   District Court for the
                                            *   District of South Dakota.
Shaun Knox,                                 *
                                            *
          Defendant - Appellant.            *

_____

Submitted: October 21, 2010
Filed: March 10, 2011

_____

Before RILEY, Chief Judge, MELLOY and GRUENDER, Circuit Judges.

_____

MELLOY, Circuit Judge.

A jury convicted Shaun Knox of sexual abuse pursuant to 18 U.S.C. § 2242(2). The district court[1] fined Knox $500 and sentenced him to 151 months' imprisonment. On appeal, Knox argues that the district court erroneously denied his request for a jury instruction on a lesser-included offense of simple assault. He also argues that his fine was improper and that his sentence was unreasonable. We affirm.

_____

[1] The Honorable Roberto A. Lange, United States District Judge for the District of South Dakota.

# I. Background

On May 23, 2009, Roya Standing Bear hosted a graduation party at her mother's home in Mission, South Dakota, which is located on the Rosebud Indian Reservation. Approximately ten to twenty high-school age men and women attended the party. Among the attendees were Knox and M.B., who were both age twenty at the time of the party.

M.B. arrived at Standing Bear's home and began drinking hard alcohol between 5:00 and 7:00 p.m. M.B. rarely drank, but on this night, M.B. drank excessively and participated in drinking games. Near 8:00 p.m., M.B. became sick, so a friend took her to Standing Bear's bedroom where she fell asleep on Standing Bear's bed. When M.B. woke up, Knox was having vaginal intercourse with her. M.B. repeatedly told Knox to stop and to get off her, but he continued to have vaginal intercourse with her.

Officers with the Rosebud Indian Reservation arrested Knox later that night in Standing Bear's bedroom. On May 25, federal law-enforcement officials interviewed Knox concerning the events of the graduation party. Knox initially denied having any sexual contact with M.B. at the party. Later, however, he admitted that he had sexual intercourse with M.B. but claimed it was consensual. Specifically, Knox claimed he had fallen asleep on Standing Bear's bed and that M.B. had woken him up when she kissed him. Knox claimed that he then kissed M.B., that she then took off her own pants, and that they then proceeded to have sexual intercourse for about two minutes. The intercourse ended, according to Knox, when he and M.B. were interrupted by the entry of a third person into the room.

On June 23, 2009, a grand jury indicted Knox with sexual abuse pursuant to 18 U.S.C. § 2242(2).[2] After a two-day trial in December 2009, a jury convicted Knox of the charge. The district court then fined Knox $500 and sentenced him to 151 months' imprisonment.

## II. Discussion

### A. Lesser-Included-Offense Instruction

Knox first claims the district court erroneously refused to instruct the jury that it could find Knox guilty of a lesser-included offense of simple assault pursuant to 18 U.S.C. § 113(a)(5). Federal Rule of Criminal Procedure 31(c)(1) provides that a defendant may be found guilty of "an offense necessarily included in the offense charged." Accordingly, in appropriate circumstances, a defendant is entitled to a jury instruction that would "permit a finding of guilt of the lesser offense." Sansone v. United States, 380 U.S. 343, 349 (1965) (internal quotation marks omitted). We review the district court's rejection of Knox's request for a lesser-included-offense instruction for an abuse of discretion. United States v. Gentry, 555 F.3d 659, 667 (8th Cir. 2009).

Knox argues that he was entitled to a jury instruction on the lesser-included offense of simple assault because a rational jury could have found that his sexual intercourse with M.B. began consensually, that M.B. then withdrew her consent, and that Knox then continued to have sexual intercourse with her.[3] Knox's claim at trial,

_____

[2] The statute prohibits "knowingly . . . engag[ing] in a sexual act with another person if that other person is (A) incapable of appraising the nature of the conduct; or (B) physically incapable of declining participation in, or communicating unwillingness to engage in, that sexual act . . . ."

[3] At oral argument, Knox also argued that a rational jury could have found that he committed a simple assault against M.B. after a third person walked in on them

-3-

however, was that his sexual intercourse with M.B. was consensual throughout. Generally, we affirm a district judge's refusal to instruct the jury on a lesser-included offense when the defendant claimed complete innocence throughout trial. United States v. Milk, 281 F.3d 762, 771 (8th Cir. 2002); United States v. DeNoyer, 811 F.2d 436, 441 (8th Cir. 1987); United States v. Eagle Elk, 658 F.2d 644, 648–49 (8th Cir. 1981); United States v. Collins, 652 F.2d 735, 742 (8th Cir. 1981). We see no reason not to apply this general rule here. "Defendant's asserted defense was complete innocence, not perpetration of a less serious infraction. Thus, under our cases, there was no occasion for a charge on lesser included offenses . . . ." DeNoyer, 811 F.2d at 441. In light of this case law, we can at least say that on the facts of this case, the district judge did not abuse his discretion by refusing Knox's request for a lesser-included-offense instruction.

## B. Imposition of $500 Fine

Knox next claims that the district court erred when it imposed a $500 fine upon him. Since Knox did not object to the fine at sentencing, the district court's imposition of the fine is reviewed for plain error. United States v. Allmon, 500 F.3d 800, 807 (8th Cir. 2007).

The United States Sentencing Guidelines provide that a district judge must "impose a fine in all cases, except where the defendant establishes that he is unable

---

having consensual sexual intercourse. The simple assault would have occurred, according to Knox, due to the non-sexual "touching of [Knox's] body against [M.B.'s body] as they remained on the bed" while Knox "got his clothes on and left" the room. Without deciding whether this type of touching constitutes a simple assault, we note that there was no evidence at trial that Knox's body touched M.B.'s body in this manner. See United States v. Eagle Elk, 658 F.2d 644, 648 (8th Cir. 1981) (noting that a defendant is not entitled to a jury instruction on a lesser-included offense when the evidence does not provide a "rational basis for a jury" to convict the defendant of the lesser-included offense).

to pay and is not likely to become able to pay any fine." U.S.S.G. § 5E1.2(a). In determining the amount of Knox's fine, a district judge must consider eight factors, including the defendant's ability to pay.[4] Allmon, 500 F.3d at 807. No detailed fact-finding is necessary for each factor, but the record must reflect that the factors were considered. Id.

In this case, the district court stated that the $500 fine would help pay for the cost of incarceration, and the court's development of a payment plan reflected the court's consideration of how burdensome the fine would be on Knox. Moreover, the sentencing transcript indicates that the court reviewed the presentence report, which indicated that although Knox had no assets, he also had no liabilities or outstanding debt. Thus, the record supports the conclusion that the district court considered Knox's ability to pay when it imposed the $500 fine. United States v. Herron, 539 F.3d 881, 888 (8th Cir. 2008). Indeed, the district court's dramatic departure from the guideline fine range of $17,500 to $175,000 also suggests the district court considered Knox's ability to pay.

Nonetheless, Knox claims that the district court necessarily found he was unable to pay the $500 fine because the court found that he was unable to pay the interest on the fine and the interest on a $112.50 restitution fee. Knox contends that if he was unable to pay a nominal amount of interest, it would be inconsistent for the district judge to find that he could pay a $500 fine. Knox's argument ignores the fact that a reasonable interpretation of the district judge's finding was that Knox was able

---

[4] The eight factors include (1) the need to reflect the seriousness of the offense, to promote respect for the law, to provide just punishment, and to afford adequate deterrence; (2) the defendant's ability to pay; (3) the burden the fine will place on the defendant; (4) any restitution or reparation the defendant must also make; (5) any collateral consequences; (6) whether the defendant has previously been fined for a similar offense; (7) the expected costs of the defendant's imprisonment, probation, or supervised release; and (8) any other pertinent considerations. U.S.S.G. § 5E1.2(d).

to pay up to—but no more than—$612.50 in fines and restitution fees.  Thus, the district judge's findings were not necessarily inconsistent.  Therefore, we find no plain error in the district court's imposition of a $500 fine upon Knox.

## C. Reasonableness of Sentence

Finally, Knox claims that his 151-month sentence is substantively unreasonable. At sentencing, the district court's task is to impose a sentence that is "sufficient, but not greater than necessary, to comply with the purposes of" 18 U.S.C. § 3553(a). United States v. Toothman, 543 F.3d 967, 971 (8th Cir. 2008) (internal quotation marks omitted).  The sentencing court's execution of this task must be reasonable.  Id. We presume that a district court reasonably executes this task if it selects a sentence within the relevant guideline range.  United States v. West, 612 F.3d 993, 998 (8th Cir. 2010).

In this case, Knox's guideline range was 121 to 151 months. Thus, since Knox's sentence was within this range, we may presume the sentence is reasonable.  The district judge stated at sentencing that a 151-month sentence was justified because, among other reasons, Knox had a "definite alcohol issue," was a high-school dropout, and had shown an interest in combining alcohol usage with attempts to "hook up with" women.  This explanation suggests that the district judge thought Knox had a background which increased his likelihood to repeat the offense of which he was convicted. Since 18 U.S.C. §§ 3553(a)(1) and (2) require sentencing judges to impose a sentence that is sufficient to deter the defendant from repeating the same offense, the district judge's explanation supports the conclusion that Knox's sentence was reasonable.

However, in his explanation of why he chose a 151-month sentence, the district judge also referenced Knox's interest in basketball and the death of Knox's sister and father.  Knox claims that these references made the district court's sentence

unreasonable. Although Knox's family tragedies and his interest in basketball certainly do not compel a sentence at the high end of the guideline range, it is unclear how references to these facts necessarily make a sentence at the high end of the guideline range unreasonable in light of the findings outlined in the previous paragraph. Thus, Knox has failed to rebut the presumption that his 151-month sentence is substantively reasonable.

## III. Conclusion

For the foregoing reasons, we affirm.

_____