# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 11-2605

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | Appeal from the United States |
| | * | District Court for the |
| v. | * | Western District of Arkansas. |
| | * | |
| Kyly Johnson, | * | [UNPUBLISHED] |
| | * | |
| Appellant. | * | |

_____

Submitted: March 12, 2012
Filed: April 4, 2012

_____

Before WOLLMAN, BOWMAN, and COLLOTON, Circuit Judges.

_____

PER CURIAM.

Kyly Johnson pleaded guilty to unlawfully detaining, delaying, and destroying approximately six thousand pieces of mail. The District Court[1] sentenced her to three years of probation and imposed a $500 fine and a $100 mandatory special assessment. The court waived Johnson's obligation to pay interest on the fine and ordered that Johnson be permitted to pay the fine in monthly installments of not less than $25 or

_____

[1]The Honorable Robert T. Dawson, United States District Judge for the Western District of Arkansas.

ten percent of her net monthly household income, whichever was greater.[2] Johnson argues that the court erred in imposing the $500 fine because the court did not consider her ability to pay. See 18 U.S.C. § 3572(a) (requiring a sentencing court to consider several factors before imposing a fine, including the defendant's ability to pay); U.S. Sentencing Guidelines Manual § 5E1.2(a) (providing that a sentencing court "shall impose a fine in all cases, except where the defendant establishes that he is unable to pay and is not likely to become able to pay any fine"). We review for clear error the District Court's "imposition of a fine and its determination of the amount of a fine." United States v. Herron, 539 F.3d 881, 888 (8th Cir. 2008).

Having carefully reviewed the record, we conclude that the District Court did not clearly err in imposing the fine or in calculating the amount of the fine. Although Johnson's Presentence Investigation Report (PSR) estimated that her "net monthly cash flow" is negative $13, Johnson failed to establish that each of her estimated

---

[2]At the sentencing hearing, the District Court described the required monthly payment as "not less than $25 per month or 10 percent of your monthly income, household income, whichever is greater." Sent. Tr. at 10. In the written judgment, however, the court described the required monthly payment as "not less than 10% of the defendant's **net** monthly household income, but in no case less than $25 per month." Judgment at 4. First, we are confident that the court "simply misspoke during its oral pronouncement" and that it intended the percentage-of-income calculation to be based on Johnson's net monthly household income as stated in the written judgment. See United States v. Buck, 661 F.3d 364, 374 (8th Cir. 2011). Second, in view of Johnson's limited assets and minimal potential cash flow, we construe "net monthly household income" in this judgment to mean the balance of Johnson's monthly household income remaining after deduction of her reasonable and necessary monthly household expenses. See Webster's Third New International Dictionary 1520 (2002) (defining "net income"); see also, The Fitzroy Dearborn Encyclopedia of Banking & Finance 838 (10th ed.1994) ("Net income = Revenues - Expenses + Gains - Losses"); cf. United States v. Lowe, 220 F. App'x 831, 833 (10th Cir. 2007) (quoting an order on payment of fines that defined "net income" as "take home pay").

monthly expenditures is essential. Nor did she establish that her monthly expenditures could not be adjusted to accommodate a partial payment of at least $25 on the $500 fine. Cf. United States v. Martinez, 409 F. App'x 973, 974 (8th Cir. 2011) (per curiam) (affirming the imposition of a fine and suggesting that the defendant's assets might be sold to pay the fine). While the court did not make specific findings regarding Johnson's ability to pay the fine, the record indicates that the court "reviewed [Johnson's] file in some detail"; considered the information in the unobjected-to PSR; and accommodated Johnson's financial situation by imposing a fine at the bottom of the Guidelines range, waiving the accrual of interest on the fine, and permitting payment of the fine in monthly installments over the term of Johnson's supervised release. Sent. Tr. at 9. Johnson did not establish that she is unable to pay and is not likely to become able to pay the $500 fine assessed by the District Court. See Herron 539 F.3d at 889 (burden of proof).

We affirm the judgment of the District Court.

_____