# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 11-3819

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | District of South Dakota. |
| Trudell Smith, Jr., | * | |
| | * | |
| Appellant. | * | |

_____

Submitted: May 17, 2012
Filed: June 14, 2012

_____

Before MURPHY, BENTON, and SHEPHERD, Circuit Judges.

_____

SHEPHERD, Circuit Judge.

Trudell Smith, Jr. pled guilty to burglary in violation of 18 U.S.C. § 1153 pursuant to a plea agreement. After an upward departure, the district court[1] sentenced Smith to 57 months imprisonment and 5 years of supervised release. Smith appeals his sentence. We affirm.

---

[1]The Honorable Roberto A. Lange, United States District Judge for the District of South Dakota.

I.

On July 16, 2011, after a long night of drinking, Smith broke into the home of Mattie High Pipe through the window of a bedroom. The bedroom was shared by High Pipe's daughter Rosa Aguilar and Aguilar's four-year-old daughter, E.A. Aguilar awoke to sounds of E.A. crying "Mommy" and observed Smith on top of E.A. in the child's bed. E.A.'s pajama bottoms and underwear had been removed, though Aguilar knew that E.A. had on both when she went to sleep and E.A. was not known to remove them. Aguilar attempted to pull Smith away from her child. Aguilar then heard Smith zip his shorts, and Smith subsequently fled the house. High Pipe saw Smith leave the house and found Aguilar and E.A. crying in the bedroom. After leaving High Pipe's home, Smith went to the home of his brother and threatened to commit suicide.

The Government charged Smith with aggravated sexual abuse of a child, in violation of 18 U.S.C. §§ 1153, 2241(c) and 2246(2)(A) and with first degree burglary, in violation of 18 U.S.C. § 1153 and South Dakota Codified Law § 22-32-1.[2] Smith pled guilty to the federal and state burglary charges, and the Government dropped the sexual assault charges. In the plea agreement, the parties agreed that the Government could present evidence at sentencing supporting an upward departure.

The Presentence Investigation Report (PSR) calculated a Guideline sentence of 18 to 24 months for Smith's burglary conviction. At sentencing, the court heard the testimony of High Pipe and Aguilar relating to the sexual assault. The court also heard evidence that there was no physical evidence that E.A. had been sexually assaulted, other than E.A.'s statement that she felt pain when urinating. None of

---

[2]The incident occurred on the Rosebud Sioux Indian Reservation. "18 U.S.C. § 1153[] creates federal jurisdiction for cases in which an Indian commits one of a list of enumerated crimes against another Indian in Indian country, including . . ." burglary. United States v. Ashley, 255 F.3d 907, 910 n.3 (2001).

Smith's DNA was found on E.A., nor was any of her DNA found on him. The court was also aware that Smith had two previous convictions for aggravated sexual assault, one of which involved Smith entering the bedroom of the victim while she slept. Accordingly, the district court concluded that Smith had been preparing to sexually assault E.A. during the burglary but was prevented from doing so by Aguilar.

Based on this information, the court determined that had the sexual assault charges against Smith been presented to a jury, a jury likely would have convicted Smith of attempted sexual assault. Accordingly, the court determined that the attempted sexual assault was a factor that should be considered in calculating Smith's sentence for the burglary charge and found that an upward departure was appropriate based on uncharged conduct under United States Sentencing Commission, Guidelines Manual, §5K2.21. The court sentenced Smith to 57 months imprisonment, which was within Smith's Guideline range for an offense of attempted sexual assault.

## II.

Smith's first argument on appeal is that the district court based its decision to depart upward on erroneous factual findings. We review "under a clearly erroneous standard . . . whether the circumstances justifying departure actually exist." United States v. Crumb, 902 F.2d 1337, 1339 (8th Cir. 1990). Smith argues the district court clearly erred in crediting Aguilar's and High Pipe's sentencing testimony because the testimony was factually inconsistent and inconsistent with prior statements given by the two.

Specifically, the investigator reports recorded immediately following the incident indicate that Aguilar stated to investigators that she came into the bedroom when she heard her daughter screaming; however, at sentencing, she stated that she was sleeping in the room when the incident occurred. Additionally, Aguilar testified at sentencing that she attempted to pull Smith off of her daughter, but this detail had

not been included in any of the investigators' reports. Moreover, it was unclear from Aguilar's testimony whether there was any light in the room by which she could have observed Smith and her daughter. Also, Aguilar was not wearing her glasses at the time of the incident, and the court discovered at the hearing that Aguilar's sight without her glasses was poor. Inconsistences also existed in High Pipe's relation of the incident. High Pipe testified that the man she observed in her home was around five feet, six inches tall, though Smith is over six feet tall. High Pipe testified the whole incident lasted four seconds, but Aguilar testified the incident was closer to one minute.

The district court expressly found Aguilar and High Pipe to be credible eyewitnesses. The court noted that Aguilar was able to see well enough to identify Smith as the man who entered her home on the night of the incident. Additionally, the court noted that Smith's stated reason for entering the home—to steal things in order to acquire liquor to continue his night of drinking—was nonsensical because there was no place open from which to buy liquor at 3:00 a.m. in the town of 500 where the incident occurred. Considering all the evidence, the court concluded that what Aguilar observed "only makes sense as being described as the preparation for a sexual assault," and determined the evidence supporting that finding went well beyond a preponderance of the evidence.

"'[A] district court's credibility determinations [at sentencing] are virtually unreviewable on appeal.'" United States v. Bridges, 569 F.3d 374, 378 (8th Cir. 2009) (quoting United States v. Wunder, 414 F.3d 1019, 1022 (8th Cir. 2005)). This is because the district court "has a 'distinct advantage' in evaluating the credibility of witnesses." United States v. Vinton, 631 F.3d 476, 481 (8th Cir.), cert. denied, 132 S.Ct. 213 (2011) (citation omitted). At sentencing when confronted with their previous inconsistent statements, both Aguilar and High Pipe stated that their testimony at sentencing was true and correct and indicated that their previous statements must have been recorded incorrectly. The district court was in the position

to evaluate their testimony, and the district court did not clearly err by crediting the sentencing testimony of two eyewitnesses. Additionally, we note that Smith admitted to breaking into and being in the home on the night in question, offered no logical reason for being there, and had two prior convictions for sexual assault. Accordingly, we conclude that the court did not err in entering the departure.

Second, Smith argues that in announcing its ultimate sentence, the district court procedurally erred because it did not consider Smith's acceptance of responsibility. Smith did not raise this objection at sentencing; thus our review is for plain error. United States v. Deegan, 605 F.3d 625, 629 (8th Cir. 2010). Smith was given a three-level reduction for acceptance of responsibility in the PSR for his convicted offense of burglary, resulting in a recommended offense level of 14. Finding that the accompanying sentencing range failed to appropriately consider uncharged conduct, the court entered an upward departure under U.S.S.G. §5K2.21. This is the correct order for entering the reduction for acceptance of responsibility, pursuant to the Sentencing Guidelines. See U.S.S.G. §1B1.1 (stating that the adjustment for acceptance of responsibility is to be assessed before a departure is entered).

Next, Smith argues that his sentence violates the Due Process Clause because it punished him for the attempted sexual assault, though his guilt on the assault charge was determined by a judge using a preponderance of the evidence standard rather than by a jury using a reasonable doubt standard. The Sentencing Guidelines expressly allow a district court to consider uncharged conduct in entering an upward departure. U.S.S.G. §5K2.21 ("The court may depart upward to reflect the actual seriousness of the offense based on conduct (1) underlying a charge dismissed as part of the plea agreement in the case . . . ."). Despite the court's express authority to enter upward departures based on uncharged conduct, Smith argues doing so violates the principle of United States v. Booker, 543 U.S. 220, 244 (2005). Booker affirmed the Court's opinion in Apprendi v. New Jersey, 530 U.S. 466 (2000), and stated that "[a]ny fact (other than a prior conviction) which is necessary to support a sentence exceeding the

maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt." Id. Smith argues that his sentence was increased based on judicially found facts determined by a preponderance of the evidence in violation of Booker because without considering the evidence of the attempted sexual assault charge, his sentence would have been between 12 and 24 months rather than the 57-month sentence he received. This argument is without merit. Booker only prevents a judge from using judicially found facts to sentence a defendant outside of the statutory maximums. See United States v. Villareal-Amarillas, 562 F.3d 892, 898 (8th Cir. 2009). Smith's sentence of 57 months was not greater than the maximum allowed by statute, thus the district court did not violate Booker. Smith was sentenced to 57 months imprisonment for his crime of burglary, and the judicially found fact that Smith committed an attempted sexual assault was merely a sentencing factor that the judge was entitled to consider in determining an appropriate sentence. See United States v. Galloway, 976 F.2d 414, 425 (8th Cir. 1992) (en banc) ("Because a defendant's uncharged crimes are treated as sentencing factors, the rights to indictment, jury trial, and proof beyond a reasonable doubt simply do not come into play."). Accordingly, the court did not err.

Finally, Smith contends that his sentence is substantively unreasonable when compared to the crime of burglary and is only reasonable if the attempted sexual assault is considered. Because it was appropriate for the court to consider the attempted sexual assault in entering Smith's sentence, we need not address this argument.

### III.

For the foregoing reasons, we affirm.

_____