# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 11-3798

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the Western |
| | * | District of Arkansas. |
| William Royal Hartley, Jr., | * | |
| | * | [UNPUBLISHED] |
| Appellant. | * | |

_____

Submitted: June 11, 2012
Filed: June 20, 2012

_____

Before BYE, BEAM, and SMITH, Circuit Judges.

_____

PER CURIAM.

William Hartley, Jr., pled guilty to theft of government funds, in violation of 18 U.S.C. § 641, and concealment of a material fact affecting Social Security Administration disability payments, in violation of 42 U.S.C. § 408(a)(4). The district court[1] sentenced him to a prison term of 12 months and 1 day, a $3,000 fine, restitution in the amount of $79,023.01, and a special assessment of $200. Hartley appeals the imposition of the $3,000 fine. We affirm.

_____

[1]The Honorable Jimm Larry Hendren, United States District Judge for the Western District of Arkansas.

In 2005, Hartley applied for, and was awarded, disability benefits from the Department of Veterans Affairs (VA) and the Social Security Administration (SSA). The VA determined that Hartley was 90% disabled and awarded $3,007 per month. The SSA awarded $600 per month. Despite representing to the VA and SSA that he was unemployed, Hartley worked at a body shop approximately 40 hours per week between 2007 and 2009, earning a total of roughly $71,860.[2] Hartley used his wife's social security number to conceal such income. He also made approximately $4,500 in cash doing auto body work for friends. Due to such employment, Hartley was overpaid $101,686.01 in VA and SSA benefits.

Hartley was charged with theft of government funds and concealment of a material fact affecting SSA disability payments. He pled guilty to those charges and a presentence investigation report (PSR) was prepared. The PSR calculated an advisory Guidelines range of 12 to 18 months' imprisonment, a fine range of $3,000 to $30,000, and restitution in the amount of $101,686.01. Regarding Hartley's financial standing, the PSR reported that Hartley had assets valued at $157,327 and liabilities totaling $166,783, and that Hartley continues to receive $1,837 per month from the VA. Based on Hartley's financial condition, the PSR concluded, "It appears [Hartley] has no assets which can be easily liquidated to pay a fine and/or restitution in full immediately. . . . It is believed he can make payments toward a fine and/or restitution as he is capable of performing limited work and earning an income."

At the sentencing hearing, the district court adopted the PSR's Guideline calculations, including the fine range of $3,000 to $30,000. Hartley objected to the imposition of a fine, asserting an inability to pay. The district court overruled the objection, finding that Hartley could pay the fine and suggesting that Hartley could

_____

[2]Although the VA determined that Hartley was 90% disabled–with 80% of his disability stemming from problems with both of his knees–investigators observed Hartley walking briskly around the body shop, taking out the trash, and kneeling on his left knee to service a vehicle.

liquidate some of his assets over time. The court also highlighted the seriousness of the offense, emphasizing that Hartley convinced others to help him conceal his employment. Ultimately, the court sentenced Hartley to 12 months and 1 day imprisonment, and ordered him to pay a $3,000 fine, $79,023.01 in restitution,[3] and a special assessment of $200. The court waived Hartley's obligation to pay interest on the fine and restitution, and created a payment plan. Specifically, the court ordered Hartley to pay the fine in monthly installments of $200 or 10% of his monthly income, whichever is greater. The court imposed an identical payment plan for restitution. Thus, pursuant to the court's oral pronouncement, Hartley is required to pay monthly installments of $400 per month or 20% of his monthly household income, whichever is greater.

Hartley asserts that the district court erred in imposing the fine. "We review a district court's imposition of a fine and its determination of the amount of a fine for clear error." United States v. Herron, 539 F.3d 881, 888 (8th Cir. 2008). The Guidelines recommend the imposition of a fine in all cases unless "the defendant establishes that he is unable to pay and is not likely to become able to pay any fine." United States Sentencing Guidelines Manual (U.S.S.G.) § 5E1.2(a). In determining whether to impose a fine and to calculate the amount, a district court must consider the factors enumerated in 18 U.S.C. § 3572(a) and U.S.S.G. § 5E1.2(d). While detailed findings on each factor are not required, the court "must provide enough information on the record to show that it considered the factors." United States v. Berndt, 86 F.3d 803, 808 (8th Cir. 1996). "The court should make findings regarding the defendant's ability to pay . . . , and should not impose a fine that the defendant has little chance of paying." United States v. Morais, 670 F.3d 889, 894 (8th Cir. 2012).

---

[3]By withholding benefits payments, the SSA had already received $22,663 in restitution.

Hartley argues that the district court neither considered the factors enumerated in 18 U.S.C. § 3572(a) and U.S.S.G. § 5E1.2(d), nor made findings of fact regarding Hartley's ability to pay. We disagree. At the sentencing hearing, the district court emphasized the seriousness of the offense, noted Hartley's health problems, and acknowledged that Hartley was already paying restitution. See 18 U.S.C. § 3572(a)(4); U.S.S.G. § 5E1.2(a)(d)(1), (4). In addition, the district court considered Hartley's argument that he was unable to pay a fine, and reviewed the PSR, which listed Hartley's assets, liabilities, and monthly income. See 18 U.S.C. § 3572(a)(1); U.S.S.G § 5E1.2(d)(2). After considering these factors, the district court expressly found that, although it would not be "easy," Hartley was capable of paying the fine. See Morais, 670 F.3d at 894 (finding that the court adequately addressed defendant's ability to pay even though its discussion of the relevant factors was "cryptic"). The district court also waived Hartley's duty to pay interest, set up a payment plan, and imposed a fine at the bottom of the Guidelines range. See United States v. Knox, 634 F.3d 461, 464-65 (8th Cir. 2011) (finding that the district court duly addressed defendant's ability to pay where the court considered the PSR's listing of the defendant's assets and liabilities and created a payment plan). The record clearly reflects that the district court considered the relevant factors and made sufficient findings of fact regarding Hartley's ability to pay.

Hartley also argues that the district court clearly erred in imposing a $3,000 fine and in implementing a payment plan requiring Hartley to pay at least $200 per month on the fine. Hartley emphasizes that he has been deemed 90% disabled, has a limited income, "owes more than he owns," and will also be paying at least $200 per month in restitution. To be sure, as the district court noted, such factors may make paying the fine less than "easy" for Hartley. However, the PSR indicates that Hartley will receive monthly payments of $1,837 from the VA, and Hartley has not established that such income is insufficient to meet his essential monthly expenses. See Berndt, 86 F.3d at 808 ("The defendant has the burden of proving that he cannot pay the fine."); United States v. Johnson, 2012 WL 1108883, at *1 (8th Cir. April 4,

2012) (per curiam) (affirming fine where defendant reported a negative net cash flow but failed to establish that her monthly expenses were essential or that her expenditures could not be adjusted to pay for the fine). In addition to his monthly income, Hartley has approximately $8,000 in home equity and owns or jointly owns assets such as a 1956 Chevrolet pickup, a 2009 Dodge pickup, and a travel trailer. The district court did not clearly err when it concluded that Hartley could liquidate such assets over time to pay down the fine. See United States v. Martinez, 409 F. App'x 973, 974 (8th Cir. 2011) (per curiam) (affirming the imposition of a fine and suggesting that the defendant's assets may be liquidated over time to pay the fine). Finally, the district court accommodated Hartley's financial situation by imposing a fine at the bottom of the Guidelines range, waiving interest, and permitting payment of the fine in monthly installments. We perceive no clear error on this record.

We affirm.

_____