# United States Court of Appeals
### For the Eighth Circuit

_____

No. 13-1183

_____

United States of America

*Plaintiff - Appellee*

v.

Laeric West

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Western District of Arkansas - Fayetteville

_____

Submitted: September 6, 2013
Filed: September 16, 2013
[Unpublished]

_____

Before SMITH, BOWMAN, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

Laeric West pleaded guilty to being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). The district court[1] sentenced him

_____

[1]The Honorable Jimm Larry Hendren, United States District Judge for the Western District of Arkansas.

to 120 months in prison, 3 years of supervised release, and a $10,000 fine. West appeals. His counsel has filed a brief under Anders v. California, 386 U.S. 738 (1967), arguing that the court procedurally erred in calculating West's Guidelines sentencing range by applying an enhancement under USSG §2K2.1(b)(6)(B) (4-level increase for possessing a firearm in connection with another felony offense).

We review the sentence first for significant procedural error and second for substantive reasonableness. See United States v. Farmer, 647 F.3d 1175, 1178 (8th Cir. 2011). As to counsel's argument, reviewing the district court's application of the Guidelines de novo and its factual findings for clear error, see United States v. Sanchez, 676 F.3d 627, 632 (8th Cir. 2012), we conclude that the court did not clearly err by crediting police officer Bain Potter's testimony, see United States v. Smith, 681 F.3d 932, 935 (8th Cir. 2012) (credibility determinations made at sentencing are virtually unassailable on appeal), and it did not err by determining based on Potter's testimony that West possessed the firearm in connection with a felony drug-trafficking offense, see United States v. Almeida-Perez, 549 F.3d 1162, 1175 (8th Cir. 2008) (when application of §2K2.1(b)(6) enhancement involves drug-trafficking felony, court must apply enhancement unless it is clearly improbable that guns were possessed in connection with drug offense). We also conclude that West's sentence is not substantively unreasonable. See United States v. Hull, 646 F.3d 583, 588 (8th Cir. 2011) (reviewing sentence under deferential abuse-of-discretion standard, and according presumption of reasonableness to sentence within advisory Guidelines range); United States v. Knox, 634 F.3d 461, 464-65 (8th Cir. 2011) (finding that district court duly addressed defendant's ability to pay fine where it considered defendant's assets and liabilities and created payment plan).

After independently reviewing the record under Penson v. Ohio, 488 U.S. 75 (1988), we have found no nonfrivolous issues. Accordingly, we affirm the judgment, and we grant counsel leave to withdraw, subject to counsel informing appellant about procedures for seeking rehearing or filing a petition for certiorari.

_____