# United States Court of Appeals
### For the Eighth Circuit

_____

No. 15-1568
_____

United States of America

*Plaintiff - Appellee*

v.

Timothy Glen Caskey

*Defendant - Appellant*

_____

No. 15-1569
_____

United States of America

*Plaintiff - Appellee*

v.

Timothy Glen Caskey

*Defendant - Appellant*

_____

Appeals from United States District Court
for the District of Minnesota - St. Paul

_____

Submitted: November 20, 2015
Filed: January 12, 2016
[Unpublished]

———————

Before SMITH, BYE, and BENTON, Circuit Judges.

———————

PER CURIAM.

Timothy Glen Caskey pled guilty to kidnapping and bank robbery. He appeals the three sentencing enhancements for the kidnapping, and the appropriateness of the statutory maximum sentence for bank robbery. Having jurisdiction under 28 U.S.C. § 1291, this court affirms.

An order of protection prohibited Caskey from contacting R.L.C. (his wife). Despite the order, he pulled his truck up to her while she was walking. He grabbed her and pulled her into the truck. R.L.C. screamed. Her son and a friend unsuccessfully tried to help her. Twenty six days later, Caskey and R.L.C. were located in Mexico and returned to the United States.

At sentencing, R.L.C. testified that after grabbing her, Caskey beat her with a screwdriver. He then pulled to the side of the road to have sexual intercourse with her, although she repeatedly asked him to stop. She said she developed bruises from the beating with the screwdriver. R.L.C. said she never voluntarily agreed to stay with Caskey. Caskey told her he would hurt or kill her if she did anything stupid. He tied her up in the vehicle while he robbed a Kansas bank, beat her in a hotel room, and did not allow her to contact her children. She said that once they got to Mexico, he monitored her movement and even made her leave the door open when using the bathroom. He told her he could "beat the s**t" out of her because "the Mexicans wouldn't give a f**k."

-2-

Caskey claims the district court[1] erroneously applied sentencing enhancements for use of a dangerous weapon during a kidnapping, holding the victim longer than seven days, and sexually exploiting the victim. He claims R.L.C.'s testimony had no corroboration or support. He emphasizes that while he robbed the bank, surveillance footage showed that R.L.C. sat in the truck, "undisturbed and calm," and that his shoes were laced up and tied (R.L.C. testified he tied her up with shoelaces). Later she entered a Dollar Store, calmly walking around for awhile looking for items—a brush, makeup, and other things—while Caskey was in another part of the store. The owner of a car dealership allowed them unaccompanied to test-drive a vehicle, no screwdriver was found in Caskey's truck, and, once apprehended, no photos were taken showing physical abuse, and there was no sexual assault exam.

This court reviews for clear error the district court's factual findings supporting a guidelines enhancement. *United States v. Battle*, 774 F.3d 504, 516 (8th Cir. 2014). The facts supporting a sentencing enhancement need to be proven only by a preponderance of the evidence. *United States v. Bates*, 614 F.3d 490, 495 (8th Cir. 2010).

The guidelines allow a two-level enhancement for use of a dangerous weapon during the commission of the crime. U.S.S.G. § 2A4.1(b)(3). The district court noted that R.L.C. described "in detail" how Caskey beat her with the screwdriver. Although R.L.C. did not see Caskey dispose of it, she reiterated he beat her with one. The court noted that although the screwdriver was not in an inventory of the truck, "this is not dispositive of the issue, as numerous events transpired between the kidnapping and when Caskey and R.L.C. were taken in by law enforcement twenty-six days later." Further, R.L.C. testified that she wore long-sleeve shirts to cover her bruises, which is consistent with the surveillance footage Caskey entered into evidence. The court

[1]The Honorable John R. Tunheim became Chief Judge of the United States District Court for the District of Minnesota on July 1, 2015.

found R.L.C.'s testimony about the beating with the screwdriver "generally credible." *See United States v. Smith*, 681 F.3d 932, 935 (8th Cir. 2012) ("[A] district court's credibility determinations [at sentencing] are virtually unreviewable on appeal." (alterations in original)). The district court did not clearly err in finding that Caskey beat R.L.C. with a screwdriver during the commission of the crime.

The guidelines provide a one-level enhancement "[i]f the victim was not released before seven days had elapsed." *See* U.S.S.G. § 2A4.1(b)(4)(B). Caskey's theory is that, although the kidnapping was originally against her will, at some point before seven days passed, she stayed with him voluntarily. The district court noted that R.L.C.'s testimony was "not particularly strong" because "her memory of certain potentially relevant events was quite poor." However, the district court added that, although R.L.C did not try to escape at the convenience store or elsewhere, this "is not inconsistent with R.L.C.'s testimony, especially in light of the testimony regarding the physical abuse R.L.C. suffered and the threats made by Caskey." The district court also found that R.L.C.'s lack of identification in Mexico was a circumstance "that would realistically deter her from attempting to escape." Finally, R.L.C. clarified that she did not know the source of the shoelaces Caskey used to tie her up. The district court did not clearly err in finding R.L.C. was not released before seven days elapsed.

The guidelines authorize a six-level enhancement for sexual exploitation. *See* U.S.S.G. § 2A4.1(b)(5). Caskey admitted that R.L.C. was initially kidnapped against her will. R.L.C. testified he pulled over to the side of the road and had sexual intercourse with her although she repeatedly asked him to stop. The district court noted that R.L.C. said she "just did what I had to do not to get hurt." Based on R.L.C.'s testimony, the district court did not clearly err in finding that Caskey sexually exploited her.

Finally, Caskey argues that the 240-month sentence for bank robbery (the statutory maximum) was substantively unreasonable and did not take into account the factors in 18 U.S.C. § 3553(a). However, using the Guidelines multiple counts rule, the district court adopted one offense level for both the kidnapping and the bank robbery. *See* U.S.S.G. §§3D1.1–3D1.5. The combined range was 360 months' to life imprisonment. Considering the § 3553(a) factors, the district court varied downward and sentenced Caskey to 300 months' imprisonment on the kidnapping count. The court then ran the 240-month bank-robbery sentence concurrent, as directed by the Guidelines. *See* U.S.S.G. §5G1.2, cmt. n. 1 ("The sentence on each of the other counts will then be set at the lesser of the total punishment and the applicable statutory maximum, and be made to run concurrently with all or part of the longest sentence."). After appropriately considering the § 3553 factors, the district court properly sentenced Caskey to a concurrent statutory maximum sentence for the bank robbery.

The judgment is affirmed.

———————————————