# United States Court of Appeals
### For the Eighth Circuit

_____

No. 16-1023

_____

United States of America

*Plaintiff - Appellee*

v.

Dawn Muir

*Defendant - Appellant*

_____

Appeal from United States District Court
for the District of South Dakota - Aberdeen

_____

Submitted: October 17, 2016
Filed: October 27, 2016
[Unpublished]

_____

Before MURPHY, BEAM, and GRUENDER, Circuit Judges.

_____

PER CURIAM.

In December 2015, Dawn Muir pleaded guilty to one count of larceny in violation of 18 U.S.C. §§ 1153 and 661.  At the time of the charges, Muir served as

executive director of the Pretty Bird Woman House[1] in McLaughlin, South Dakota, and had been under investigation by the federal government for misappropriating funds. The district court[2] sentenced Muir to forty-one months' imprisonment followed by three years of supervised release, a sentence above the Guidelines range of 27 to 33 months.[3] The court also ordered restitution in the amount of $29,973.13. Muir appeals, arguing the sentence is unreasonable and beyond the contemplation of the parties in the submitted plea agreement; that the district court procedurally erred in calculating the applicable Guidelines range; and that the court erred in determining the restitution amount. The government responds that even if the district court procedurally erred in calculating or pronouncing the suggested Guidelines range in this case, any error was harmless. We affirm.

As part of her duties as executive director, Muir had access to an "emergency fund" from which she wrote checks totaling around $30,000 beginning in April 2011 and continuing through August 2012. All of the checks were made payable directly to Muir, except for one that had a blank payee, one that was made out directly to Muir's personal bank, and one that was written out to cash. At the sentencing hearing, Agent Miller with the Federal Bureau of Investigation testified about details of the investigation, including a listing of checks and disbursements from the emergency

---

[1] The Pretty Bird Woman House was a domestic violence shelter that provided services to abused women from the Standing Rock Indian Reservation, and was funded, in part, by grant funds from the Department of Justice.

[2] The Honorable Charles B. Kornmann, United States District Judge for the District of South Dakota.

[3] During sentencing, the district court did err in its verbal pronouncement that the calculated Guidelines range was 33 to 41 months. Muir's total offense level was 16, with a criminal history category of III, and thus the range is 27 to 33 months. U.S.S.G. Ch. 5, Pt. A. However, the district court's statement of reasons accurately states the Guidelines range based on the court's findings and, as discussed herein, the court made plain its intention to impose the 41-month sentence.

fund to Muir during the time in question, the lack of receipts and vouchers for the amounts received by Muir from the fund, and the illogical nature of the alleged travel that supported the mileage reimbursements taken by Muir from the account. Muir testified on her own behalf as well, admitting that she was responsible for around $5,000 of disbursements without notations, and apologizing to the court for doing things improperly and being derelict in her duties as executive director. She claimed that all checks with notations were proper requests that she carried out according to the procedures she knew about at the time. In the plea agreement, the parties agreed that in exchange for her guilty plea, the parties would jointly recommend a sentence of probation, the government would not oppose a request by Muir for a downward departure, and that the restitution amount would be set in an amount to be determined by the district court but would not be in an amount less than $5,000 nor more than $30,000.

"In reviewing a challenge to a sentence, we 'must first ensure that the district court committed no significant procedural error.'" United States v. Dace, 660 F.3d 1011, 1013 (8th Cir. 2011) (quoting Gall v. United States, 552 U.S. 38, 51 (2007)). In review for procedural error, "we review a district court's factual findings for clear error and its interpretation and application of the guidelines de novo." Id. (quoting United States v. Bryant, 606 F.3d 912, 918 (8th Cir. 2010)). "Procedural errors, like the miscalculation of a defendant's offense level, are subject to harmless-error review." United States v. Sigillito, 759 F.3d 913, 940 (8th Cir. 2014). "If we discover no procedural error, we then consider the substantive reasonableness of the sentence imposed under a deferential abuse-of-discretion standard." United States v. Timberlake, 679 F.3d 1008, 1011 (8th Cir. 2012). "[A] district court's credibility determinations [at sentencing] are virtually unreviewable on appeal." United States v. Smith, 681 F.3d 932, 935 (8th Cir. 2012) (alterations in original) (quoting United States v. Bridges, 569 F.3d 374, 378 (8th Cir. 2009)).

As to the alleged procedural error, Muir questions the district court's Guidelines calculations to the extent it added points based upon its perception that Muir was lying in her testimony, trying to mislead the court, that she had not properly accepted responsibility, and that her intended loss exceeded $30,000.[4] She claims that based on these findings, the court erred in adding a two-level enhancement for obstruction of justice, in refusing to grant Muir a two-level reduction for acceptance of responsibility, and in determining that a six-level enhancement was appropriate based on the intended loss. During the sentence pronouncement, the district court made clear its reasoning and intention behind its Guidelines calculation and the upward variance in this case, noting, among many other things, Muir's refusal to take responsibility for her actions other than to admit that she was careless in many ways, finding that Muir perjured herself on the stand, discussing the seriousness of the offense, discussing the abuse of public trust that took place in this matter and relying on testimony that the total loss was closer to $45,000. In doing so the court additionally noted that it "would apply an upward variance, regardless of the guideline range." Relying upon the court's credibility determinations, which we discern no basis to alter given the court's colloquy and reasoning, we find no procedural error.

Even were we to assume the court procedurally erred, "[t]here may be instances when, despite application of an erroneous Guidelines range, a reasonable probability of prejudice does not exist," Molina-Martinez v. United States, 136 S. Ct. 1338, 1346 (2016), as when it is apparent on the record that the court would have arrived at the same term of imprisonment absent the procedural error. Id.; United States v. Henson, 550 F.3d 739, 742 (8th Cir. 2008). Here, based on the sentencing colloquy, it is clear that even though the district court erred in its pronouncement of the applicable Guidelines range at the hearing, any error was harmless because it did not affect the

---

[4]Muir also takes issue with the district court's failure to follow the plea agreement submitted in this case, though she recognizes the district court was free, in its discretion, to reject that recommendation. Accordingly, we need not address that argument.

ultimate determination of the sentence. <u>Molina-Martinez</u>, 136 S. Ct. at 1346-49. Also, given the sentencing court's wide latitude in weighing the § 3553(a) factors in each case, as well as the district court's colloquy at sentencing, we find the ultimate sentence was likewise substantively reasonable. <u>Timberlake</u>, 679 F.3d at 1012-13.

Finally, Muir argues that the district court erred in ordering restitution in the amount of $29,973.13, claiming that the district court should have relied on Muir's admissions concerning the amount of funds that were misused by her, and that the government failed to present sufficient evidence of the restitution amount. Muir waived her right to contest the amount of restitution in the valid appeal waiver of all non-jurisdictional issues contained in the plea agreement and offers nothing on appeal suggesting why this waiver should be set aside. <u>United States v. Schulte</u>, 436 F.3d 849, 850 (8th Cir. 2006) (holding that a waiver that includes all issues except jurisdiction does encompass restitution).

For the reasons stated herein, we affirm.

_____