# United States Court of Appeals
## For the Eighth Circuit

_____

No. 21-2348
_____

United States of America

*Plaintiff - Appellee*

v.

Jimmie C. Pampkin

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Eastern District of Missouri - St. Louis

_____

Submitted: April 11, 2022
Filed: July 1, 2022
[Unpublished]

_____

Before LOKEN, ARNOLD, and KOBES, Circuit Judges.

_____

PER CURIAM.

In March 2019, police officers tried to pull over a Dodge Challenger for speeding. After almost hitting a police car, the driver of the Dodge continued down the highway before stopping at an exit ramp. All three of the occupants then fled on foot. When the police caught them, they had about 15 grams of fentanyl in their

possession: 9 grams on Demarcus Chappel, 3 grams on Terran Vann, and 3 grams on the appellant, Jimmie Pampkin.

Pampkin pleaded guilty to possession of fentanyl with intent to distribute, 21 U.S.C. § 841(a)(1), and possession of a firearm in furtherance of a drug trafficking crime, 18 U.S.C. §§ 924(c)(1)(A), (2). Over Pampkin's objection, the district court[1] held that Pampkin was responsible for 8–16 grams of fentanyl, resulting in a Guidelines range of 81–87 months. Because of Pampkin's involvement in a shooting a few years earlier, the district court varied upward and sentenced him to 144 months in prison. Pampkin appeals, arguing that the district court: (1) clearly erred by finding that he was responsible for 8–16 grams of fentanyl; (2) abused its discretion by enhancing his sentence for the uncharged shooting; and (3) imposed a substantively unreasonable sentence. We affirm.

## I.

Pampkin first argues that he was not responsible for 15 grams of fentanyl since he only had 3 grams on him. The district court arrived at that number by holding Pampkin responsible for those 3 grams, plus the 12 grams found on Chappel and Vann. A sentencing court may find a defendant responsible for the acts of a co-conspirator when those acts were: "(i) within the scope of the jointly undertaken criminal activity, (ii) in furtherance of that criminal activity, and (iii) reasonably foreseeable in connection with that criminal activity." U.S.S.G. § 1B1.3(a)(1)(B). "The district court's drug quantity and identity determinations are factual findings, which we review for clear error, applying the preponderance-of-the-evidence standard." United States v. Walker, 688 F.3d 416, 420 (8th Cir. 2012) (quotation omitted).

---

[1]The Honorable Stephen N. Limbaugh Jr., United States District Judge for the Eastern District of Missouri.

We see no clear error. The record shows that Pampkin conspired with Chappel and Vann to sell fentanyl. Pampkin, Chappel, and Vann possessed identical pills, indicating an agreement among the three to distribute fentanyl. The three were riding in the same car and had guns with interchangeable ammunition. Additionally, Pampkin's prior behavior, such as "frequently post[ing] on Facebook that he was selling narcotics and photograph[ing] himself with large sums of cash and firearms," reflected his participation in a conspiracy to sell drugs. That's more than enough to find that Pampkin was responsible for the fentanyl found on Chappel and Vann.

Pampkin next argues that the district court abused its discretion by enhancing his sentence based on an uncharged 2017 shooting. But a "district court may consider uncharged, dismissed, and even acquitted conduct at sentencing," United States v. Chambers, 878 F.3d 616, 622 (8th Cir. 2017) (per curiam), and that conduct need only be proven by a preponderance of the evidence, United States v. Smith, 681 F.3d 932, 935–36 (8th Cir. 2012). There were adequate grounds to conclude that Pampkin committed the shooting, including eyewitness testimony. Pampkin's claim that this testimony was "unreliable and unsupported" amounts to nothing more than a disagreement with the district court's credibility determination, which is "virtually unreviewable on appeal." United States v. Ralph, 480 F.3d 888, 890 (8th Cir. 2007) (citation omitted).[2]

Finally, we review Pampkin's claim that his sentence is substantively unreasonable "under a deferential abuse-of-discretion standard." United States v. Norris, 685 F.3d 1126, 1128 (8th Cir. 2012) (per curiam). "A district court abuses its discretion when it (1) fails to consider a relevant factor that should have received

---

[2]Pampkin also urges us to overturn our well-settled precedent that enhancements based on uncharged conduct need only be supported by a preponderance of the evidence. See United States v. Ruelas-Carbajal, 933 F.3d 928, 930 (8th Cir. 2019). We decline that request. See United States v. Eason, 829 F.3d 633, 641 (8th Cir. 2016) ("It is a cardinal rule in our circuit that one panel is bound by the decision of a prior panel."), abrogation on other grounds recognized by United States v. Smith, 928 F.3d 714, 716 (8th Cir. 2019).

significant weight; (2) gives significant weight to an improper or irrelevant factor; or (3) considers only the appropriate factors but in weighing those factors commits a clear error of judgment." United States v. Feemster, 572 F.3d 455, 461 (8th Cir. 2009) (en banc) (citation omitted). "[I]t will be the unusual case when we reverse a district court sentence—whether within, above, or below the applicable Guidelines range—as substantively unreasonable." Id. at 464 (citation omitted).

Pampkin's sentence is not substantively unreasonable. The district court expressly considered his mitigating factors—his upbringing and mental health. But it also considered his aggravating factors, like his prior shooting and history of drug dealing. Those are "precisely the kind of defendant-specific determinations that are within the special competence of sentencing courts" to weigh. Id. (citation omitted). "Where a district court in imposing a sentence makes an individualized assessment based on the facts presented, addressing the defendant's proffered information in its consideration of the § 3553(a) factors, such sentence is not unreasonable." United States v. Parker, 762 F.3d 801, 812 (8th Cir. 2014) (citation omitted) (cleaned up). We accordingly affirm.

_____