# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 07-3729

_____

United States of America,         *
\
                                     *
\
          Appellee,         * Appeal from the United States
\
                                   * District Court for the Western
\
    v.                     * District of Arkansas.
\
                                   *
\
Orville Sheridan Toothman,    *
\
                                   *
\
          Appellant.        *

_____

Submitted: June 11, 2008
\
Filed: October 3, 2008

_____

Before LOKEN, Chief Judge, COLLOTON, Circuit Judge, and PIERSOL[1], District
    Judge.

_____

PIERSOL, District Judge.

---

[1]The Honorable Lawrence L. Piersol, United States District Judge for the District of South Dakota, sitting by designation.

Defendant, Orville Sheridan Toothman, entered a plea of guilty to one count of knowing receipt of child pornography in violation of 18 U.S.C. § 2252(a)(2). Toothman was sentenced by the district court[2] at the low end of the sentencing guidelines range to a term of 97 months of imprisonment. Toothman now appeals from the denial of his request for the statutory mandatory minimum sentence of 60 months of imprisonment. We affirm.

## I. *Background*

After Toothman took his computer for repairs at a Best Buy store in northwest Arkansas, a computer technician discovered child pornography on the hard drive and reported this discovery to the police. Toothman was charged with five counts of knowing receipt of child pornography and subsequently pleaded guilty to one of the counts. The presentence report calculated the sentencing guidelines range at 97 to 121 months. Neither the United States nor Toothman disputed the calculated advisory sentencing guidelines range.

In his presentencing memorandum, at the sentencing hearing, and on appeal, Plaintiff has sought a sentence of 60 months, the mandatory minimum prison sentence for the offense. Toothman supported his request for the lesser sentence with evidence of his medical condition which included being completely blind in one eye and legally blind in the other eye. Toothman, at age 55, also suffers from hypertension, high blood pressure, diabetes and low blood sugar.

Toothman's treating ophthalmologist testified at the sentencing hearing regarding Toothman's deteriorating vision. Toothman suffers from a rare congenital

---

[2]The Honorable Jimm Larry Hendren, Chief Judge of the United States District Court for the Western District of Arkansas.

condition, juvenile retinoskesis, which led to the complete loss of his vision in his right eye. Toothman has required cataract and multiple laser surgeries in his left eye. At the time of sentencing, Toothman had a twenty-degree field of vision.[3] Toothman's treating ophthalmologist testified that at Toothman's current rate of decline in vision, Toothman will be blind in both eyes within three years. Toothman's treating ophthalmologist also testified that if the center part of Toothman's retina detached, there would be a window of only 72 hours in which a retina surgeon could perform the appropriate emergency procedure to save the vision in Toothman's left eye. Toothman's treating ophthalmologist opined that the Bureau of Prisons (BOP) would be unable to timely provide the appropriate emergency procedure if such were needed to save the vision in Toothman's left eye. Toothman's treating ophthalmologist also opined that Toothman would be unable to defend himself in a prison setting.

In response to Toothman's assertions regarding the BOP's inability to accommodate his medical condition, the United States presented the written declaration of Dr. Tecora Ballom. Dr. Ballom is a licensed Doctor of Osteopathy employed as a Commander in the United States Public Health Service and assigned to the BOP as the Regional Medical Director for the BOP's South Central Region. Prior to signing her declaration, Dr. Ballom had reviewed correspondence to the district court and defense counsel's summary of Toothman's medical condition. Dr. Ballom stated in her declaration that the BOP has six in-patient Medical Referral Centers which are accredited by the Joint Commission on Accreditation for Health Care Organizations (JCAHO). JCAHO sets the medical, surgical, and psychiatric

---

[3]Toothman reports in his brief that the district court did not look through the special eyeglasses prepared by Toothman's treating ophthalmologist for the purpose of demonstrating Toothman's severely diminished vision. We note that the district court explained that he did not look through the special eyeglasses simply because he did not believe there was any question that Toothman had seriously impaired vision.

standards for hospitals nationwide. Dr. Ballom further stated in her declaration that all of the BOP's non-medical institutions are accredited by JCAHO for ambulatory care, and that in addition to medical resources available within the BOP's institutions the BOP has extensive access to medical resources in the communities in which the institutions are located. Dr. Ballom opined that based upon her review of the materials available to her, Toothman would likely be classified as a care level 3 inmate and would be designated to a care level 3 facility. Dr. Ballom opined that such a facility would be capable of providing appropriate care for Toothman's medical conditions.

At Toothman's sentencing the parties agreed that the 97 to 121 month advisory guidelines range calculated by the United States Probation Officer was correct. Toothman then requested and was denied a departure under USSG § 5H1.4 and USSG § 5K2.0 for an extraordinary physical impairment and extreme susceptibility to abuse in prison. Toothman also requested and was denied a variance based on *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), and the discretionary factors of 18 U.S.C. § 3553.

## II. *Discussion*

This Court reviews a district court's sentence for reasonableness, applying an abuse-of-discretion standard. *United States v. Garcia*, 512 F.3d 1004, 1006 (8th Cir. 2008) (citing *Gall v. United States*, __U.S. __, __, 128 S.Ct. 586, 597, 169 L.Ed.2d 445 (2007)). A sentence is deemed procedurally unreasonable if the district court, *inter alia*, "treat[ed] the Guidelines as mandatory, fail[ed] to consider the § 3553(a) factors, ... or fail[ed] to adequately explain the chosen sentence." *Gall*, 128 S.Ct. at 597. A sentence within the Sentencing Guidelines range is accorded a presumption of substantive reasonableness on appeal, although the sentencing court does not enjoy the presumption's benefit when it determines the merits of the arguments by the prosecution or the defense that a Guidelines sentence should not apply. *Rita v. United*

*States*, __ U.S. __, __, 127 S.Ct. 2456, 2462, 168 L.Ed.2d 203 (2007). We examine the "substantive reasonableness of the sentence" by considering "the totality of the circumstances, including the extent of any variance from the Guidelines range,"*Gall*, 128 S.Ct. at 597, and the strength of the stated justification, while viewing the district court's decision through a "deferential abuse-of-discretion" lens. *Gall*, 128 S.Ct. at 598, *quoted in United States. v. Lehmann*, 513 F.3d 805, 808 (8th Cir. 2008).

Toothman concedes there are no errors or irregularities concerning the Guidelines calculations or the procedure followed by the district court in reaching Toothman's sentence. Toothman claims, however, that his sentence of 97 months is not substantively reasonable in light of the totality of the circumstances of his case. In making this claim Toothman relies upon factors including his blindness and other medical conditions, his remorse, his vulnerability to attack in prison, and his history of being a law-abiding family man who has played a positive role in the lives of others.

Toothman contends that the district court in his case at sentencing was operating within a legal framework that has changed since the Supreme Court handed down its decisions in *Gall v. United States*, __U.S. __, 128 S.Ct. 586,169 L.Ed.2d 445 (2007), and *Kimbrough v. United States*, __U.S. __, 128 S.Ct. 558, 169 L.Ed.2d 481 (2007). These decisions were handed down less than a month after Toothman's sentencing. Toothman, in support of his contention that his sentence was not substantively reasonable, cites to *United States. v. Pauley*, 511 F.3d 468 (4th Cir. 2007), a case which was decided shortly after *Gall* and *Kimbrough* were handed down. In the *Pauley* case a panel from the Fourth Circuit upheld as reasonable a 36-month reduction in a sentence variance for a defendant convicted of possession of child pornography. Although the *Pauley* case includes some facts relevant in sentencing which are similar to those upon which Toothman relies in his argument for a more lenient sentence, the existence of some factual similarities to a case in

which a more lenient sentence was upheld does not render the sentence in Toothman's case substantively unreasonable. The panel in *Pauley* acknowledged, as do we, the deference that must be given to a district court's sentencing decision "[e]ven if we would have reached a different sentencing result on our own." *Id*. at 474.

Although the sentencing landscape may have changed since *Gall* and *Kimbrough* were decided, Toothman has not raised any issue that would require reversal based on the requirements of *Gall* and *Kimbrough*. When this Court engages in a "deferential abuse-of-discretion" review of the sentence imposed in determining substantive reasonableness under the *Gall* two-part systematic sentencing review we recognize that the sentencing court's "job is not to impose a 'reasonable' sentence. Rather, a district court's mandate is to impose 'a sentence sufficient, but not greater than necessary, to comply with the purposes' of section 3553(a)(2). Reasonableness is the appellate standard of review in judging whether a district court has accomplished its task." *United States v. Huff*, 514 F.3d 818, 820 (8th Cir. 2008) (quoting *United States v. Foreman*, 436 F.3d 638, 644 n. 1 (6th Cir.2006)).

The sentencing transcript in this case demonstrates that the district court considered the factors in section 3553(a) to find as he characterized it "in this particular case what sentence is adequate, but not excessive." The sentencing transcript in this case further demonstrates that the district court adequately "set forth enough to satisfy the appellate court that he has considered the parties' arguments and has a reasoned basis for exercising his own legal decisionmaking authority." *Rita v. United States*, __ U.S. __, __, 127 S.Ct. 2456, 2468, 168 L.Ed.2d 203 (2007). The district court thoroughly considered Toothman's arguments and evidence regarding his history and medical conditions and the impact of an advisory guidelines sentence on Toothman's medical conditions before determining that a sentence at the bottom of the advisory guidelines range was appropriate in consideration of all the section 3553(a) factors. The district court did not abuse its discretion in making this determination.

Toothman also argues that a downward departure was warranted under the sentencing guidelines because of an extraordinary physical impairment which would leave him exceedingly vulnerable to possible victimization. *See* USSG § 5H1.4; *United States v. Long*, 977 F.2d 1264, 1277 (8th Cir. 1992). However, a sentencing court's discretionary decision not to depart downward is not generally reviewable on appeal. Since Toothman does not allege that the district court had an unconstitutional motive or mistakenly believed it lacked authority to grant the departure, we decline to review the district court's denial of any departure. *See United States v. Johnson*, 517 F.3d 1020, 1023 (8th Cir. 2008); *see also United States v. Rice*, 332 F.3d 538, 540 (8th Cir. 2003).

### **III**. *Conclusion*

After reviewing all the circumstances of this case and the sentencing transcript, we conclude that the district court did not abuse its discretion in denying Toothman's request for a downward variance. Accordingly, we affirm the judgment of the district court.

_____