# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 08-1448

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Northern District of Iowa. |
| Sergio Rico-Mendoza, | * | |
| | * | [UNPUBLISHED] |
| Appellant. | * | |

_____

Submitted: July 7, 2009
Filed: July 9, 2009

_____

Before BYE, COLLOTON, and GRUENDER, Circuit Judges.

_____

PER CURIAM.

Sergio Rico-Mendoza pleaded guilty to being an alien found knowingly and unlawfully in the United States after having been removed in 2003 subsequent to a felony conviction for aggravated assault, in violation of 8 U.S.C. § 1326(a), (b)(2). The district court[1] sentenced him within the advisory Guidelines range to 41 months in prison. On appeal, his counsel has moved to withdraw and filed a brief under Anders v. California, 386 U.S. 738 (1967), arguing that the sentence is greater than necessary to comply with the purposes of 18 U.S.C. § 3553(a), and thus unreasonable.

_____

[1]The Honorable Linda R. Reade, Chief Judge, United States District Court for the Northern District of Iowa.

He contends that the district court insufficiently considered that the prior assault conviction--while qualifying as a felony crime of violence under the Guidelines--was only an aggravated misdemeanor under Iowa law and was much less serious than many other types of convictions that would result in the same 16-level enhancement under U.S.S.G. § 2L1.2.

We conclude that the sentence is not unreasonable.  See United States v. Toothman, 543 F.3d 967, 970 (8th Cir. 2008) (assessing reasonableness of sentence under abuse-of-discretion standard; within-Guidelines-range sentence is accorded presumption of reasonableness on appeal); see also Rita v. United States, 551 U.S. 338, 341 (2007) (allowing appellate presumption of reasonableness).  The record shows that the district court expressly considered relevant factors under § 3553(a), had before it uncontested information about Rico-Mendoza's criminal history, and heard defense counsel's arguments regarding the prior assault conviction at sentencing. Further, nothing in the record suggests that the court misapplied the section 3553(a) factors.  See 18 U.S.C. § 3553(a)(1), (a)(2)(A)-(C) (court should consider nature and circumstances of offense, history and characteristics of defendant, and need for sentence to reflect seriousness of offense, promote respect for law, provide just punishment, afford adequate deterrence, and protect public); United States v. Haack, 403 F.3d 997, 1004 (8th Cir. 2005) (listing circumstances that may warrant finding of abuse of discretion).

Finally, after reviewing the record independently under Penson v. Ohio, 488 U.S. 75, 80 (1988), we have found no nonfrivolous issues for appeal.  Accordingly, we grant counsel's motion to withdraw, and we affirm.

_____