# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 08-1775

_____

United States of America,              *

                               *

        Appellee,         *

                               *   Appeal from the United States

     v.                  *   District Court for the

                               *   District of Nebraska.

Clifton Lytle, Jr.,           *

                               *   [UNPUBLISHED]

        Appellant.       *

_____

Submitted: July 6, 2009
Filed: July 15, 2009

_____

Before BYE, COLLOTON, and GRUENDER, Circuit Judges.

_____

PER CURIAM.

Clifton Lytle, Jr., pleaded guilty to receiving a firearm while under indictment for a felony offense, in violation of 18 U.S.C. §§ 922(n), 924(a)(1)(D). Denying his request for a downward departure or variance, the district court[1] sentenced Lytle to a sentence of 15 months in prison, which was within the advisory Guidelines range. Lytle appeals, arguing that the court committed procedural error by considering only whether the Guidelines sentence was "reasonable," rather than affording each 18 U.S.C. § 3553(a) factor equal consideration. He further contends that his sentence is

_____

[1]The Honorable Laurie Smith Camp, United States District Judge for the District of Nebraska.

greater than necessary to meet the goals of section 3553(a), and thus is unreasonable, because the court did not genuinely consider his mental illness and committed a clear error in judgment in weighing the section 3553(a) factors.

In reviewing the sentence for abuse of discretion, we must first ensure there was no significant procedural error--such as treating the Guidelines as mandatory or failing to consider the section 3553(a) factors--and then assess the substantive reasonableness of the sentence. See Gall v. United States, 128 S. Ct. 586, 597 (2007). As to whether the district court committed significant procedural error, in the absence of an objection at sentencing, we review for plain error, see United States v. Phelps, 536 F.3d 862, 865 (8th Cir. 2008), cert. denied, 129 S. Ct. 1390 (2009), and we find none here. The record shows that the district court read the presentence report containing information about Lytle's mental health and criminal history, and heard defense counsel's arguments on these matters. The court recognized the advisory nature of the Guidelines, expressly stated it had considered the section 3553(a) sentencing factors, and specifically mentioned several of those factors, including Lytle's history and characteristics. The court specifically recognized that it could take into account Lytle's mental health "in deciding the appropriate sentence to impose" after considering the § 3553(a) factors. The court ultimately imposed the 15-month sentence, which it deemed "reasonable in accordance with the law subsequent to the Supreme Court's decision in *United States v. Booker*."

It is true that after United States v. Booker, 543 U.S. 220 (2005), "a district court's job is not to impose a 'reasonable' sentence," but rather "to impose 'a sentence sufficient, but not greater than necessary, to comply with the purposes' of § 3553(a)(2)." United States v. Foreman, 436 F.3d 638, 644 n.1 (6th Cir. 2006), quoted in United States v. Huff, 514 F.3d 818, 820 (8th Cir. 2008). Despite the district court's statement that the sentence it selected was "reasonable," however, we are not convinced that the court obviously misunderstood its role under Booker. The court thoroughly discussed the § 3553(a) factors and its authority to take into account

-2-

mitigating factors in selecting a sentence.  Elsewhere, the court stated that it was to impose an "appropriate" sentence, the same term used permissibly by the district court in <u>Rita v. United States</u>, 551 U.S. 338, 358 (2007).  On the record as a whole, Lytle has not satisfied his burden to show plain procedural error.  <u>See</u> <u>United States v. Vaughn</u>, 519 F.3d 802, 805 (8th Cir. 2008) ("Although the district court did state that it was to impose a 'reasonable sentence,' on the record as a whole, it is clear the court followed the proper procedure by first calculating the guidelines range, asking for departures, considering the § 3553(a) factors, and imposing a sentence.").

We further conclude that Lytle's sentence is not substantively unreasonable.  <u>See</u> <u>United States v. Toothman</u>, 543 F.3d 967, 970 (8th Cir. 2008) (within-Guidelines-range sentence is accorded presumption of reasonableness on appeal).

Accordingly, we affirm.

_____