# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 08-2028

———————

United States of America,

           Appellee,

v.

Joseph George Harris,

           Appellant.

\*
\*
\*
\*  Appeal from the United States
\*  District Court for the Southern
\*  District of Iowa.
\*
\*  [UNPUBLISHED]
\*

———————

Submitted: July 27, 2009
Filed: July 29, 2009

———————

Before BYE, BOWMAN, and BENTON, Circuit Judges.

———————

PER CURIAM.

Joseph George Harris appeals the 180-month sentence the district court[1] imposed upon his guilty plea to distributing cocaine base, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C). His counsel has moved to withdraw and has filed a brief under *Anders v. California*, 386 U.S. 738 (1967), arguing that the sentence is unreasonable. In his pro se appellate filings, Harris argues that a career-offender enhancement should not have been applied because he was only 18 years old when he committed one of the predicate offenses; his criminal history score was calculated incorrectly; he told

———————

[1]The Honorable John A. Jarvey, United States District Judge for the Southern District of Iowa.

his attorney to object to the drug-quantity determination, which Harris maintains was erroneous and resulted in an incorrect base offense level under the Guidelines; and he should have been allowed to withdraw his guilty plea. We affirm.

The district court did not err in using a conviction for a burglary Harris committed when he was 18 years old for purposes of career-offender eligibility. *See* U.S.S.G. § 4B1.2, comment. (n.1) (for purposes of career-offender eligibility, "prior felony conviction" means prior adult federal or state conviction punishable by death or imprisonment exceeding one year; conviction for offense committed at age 18 or older is adult conviction).

Harris's arguments concerning his base offense level (related to the drug quantity) and his criminal history score are moot. *See* U.S.S.G. § 4B1.1(b) (career offender is subject to criminal history Category VI in every case under this subsection; career-offender base offense level shall apply if higher than otherwise applicable base offense level); *United States v. Shepard*, 462 F.3d 847, 872 (8th Cir. 2006) (where career-offender Sentencing Guideline is properly applied and results in applicable base offense level, challenge to district court's determination of non-career-offender base offense level is rendered moot).

To the extent Harris is arguing that his counsel was ineffective and his plea was involuntary, we decline to consider these arguments on direct appeal. *See United States v. Ramirez-Hernandez*, 449 F.3d 824, 827 (8th Cir. 2006) (this court "will consider ineffective-assistance claims on direct appeal only where the record has been fully developed, where not to act would amount to a plain miscarriage of justice, or where counsel's error is readily apparent"); *United States v. Murphy*, 899 F.2d 714, 716 (8th Cir. 1990) (claim that guilty plea was involuntary is not cognizable on direct appeal unless it was first presented to district court).

We conclude that Harris's 180-month sentence is not unreasonable. The court considered the factors under 18 U.S.C. § 3553(a), heard counsel's arguments in favor of a lower sentence, and did not overlook a relevant factor, give significant weight to an improper or irrelevant factor, or misapply any factor. *See* 18 U.S.C. § 3553(a)(1), (2)(A)-(C), (3) (in determining sentence, court should consider nature and circumstances of offense and history and characteristics of defendant; need for sentence to reflect seriousness of offense, promote respect for law, provide just punishment, afford adequate deterrence, and protect public from further crimes of defendant; kinds of sentences available); *United States v. Toothman*, 543 F.3d 967, 970 (8th Cir. 2008) (assessing reasonableness of sentence under abuse-of-discretion standard; within-Guidelines-range sentence is accorded presumption of reasonableness on appeal); *United States v. Roberson*, 517 F.3d 990, 995 (8th Cir. 2008) (normally, district court does not abuse its discretion by not considering argument of which it is aware); *United States v. Haack*, 403 F.3d 997, 1004 (8th Cir. 2005) (abuse of discretion may occur when court fails to consider relevant factor that should have received significant weight, gives significant weight to improper or irrelevant factor, or clearly errs in weighing appropriate factors).

Reviewing the record independently under *Penson v. Ohio*, 488 U.S. 75, 80 (1988), we find no nonfrivolous issues. Accordingly, we affirm the district court and grant counsel's motion to withdraw.

_____