# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 08-2376

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the Western |
| | * | District of Arkansas. |
| Ronald Travis Daniels, | * | |
| | * | [UNPUBLISHED] |
| Appellant. | * | |

_____

Submitted: February 18, 2010
Filed: February 25, 2010

_____

Before MELLOY, BOWMAN, and SMITH, Circuit Judges.

_____

PER CURIAM.

Ronald Daniels appeals from the 168-month sentence that the District Court[1] imposed after he pleaded guilty to receiving child pornography. Counsel has moved to withdraw and has filed a brief under Anders v. California, 386 U.S. 738 (1967). In an untimely pro se supplemental brief, which we grant Daniels leave to file, he argues that (1) the District Court erred in applying a base offense level of 32 and a 2-level enhancement under U.S.S.G. § 2G2.1(b)(2)(A); (2) his sentence is unreasonable; and

_____

[1]The Honorable Jimm Larry Hendren, Chief Judge, United States District Court for the Western District of Arkansas.

(3) the government breached its promise that he would receive a five-year sentence in exchange for his plea. We reject these arguments, and we affirm.

First, because Daniels did not object to the Guidelines calculations in the District Court, we review only for plain error, and we find none. See United States v. Nichols, 151 F.3d 850, 854 (8th Cir. 1998) (standard of review). The facts support the base offense level and the 2-level enhancement. See U.S.S.G. § 2G2.2(c) (noting that § 2G2.1 applies "[i]f the offense involved causing . . . a minor to engage in sexually explicit conduct for the purpose of producing a visual depiction of such conduct"); U.S.S.G. § 2G2.1(a), (b)(2)(A) (setting base offense level of 32 and requiring 2-level increase if offense involved "sexual contact"); U.S.S.G. § 2G2.1 cmt. n.2 ("'Sexual contact' has the meaning given that term in 18 U.S.C. § 2246(3).").

Second, we conclude that the sentence is not unreasonable. See United States v. Feemster, 572 F.3d 455, 461 (8th Cir. 2009) (en banc) (standard of review); United States v. Toothman, 543 F.3d 967, 970 (8th Cir. 2008) ("A sentence within the Sentencing Guidelines range is accorded a presumption of substantive reasonableness on appeal . . . ."). Third, the record refutes Daniels's argument that the government induced his plea with promises of a five-year sentence. See Blackledge v. Allison, 431 U.S. 63, 74 (1977) ("Solemn declarations in open court carry a strong presumption of verity.").

Finally, having reviewed the record independently under Penson v. Ohio, 488 U.S. 75, 80 (1988), we have found no nonfrivolous issues for appeal. Accordingly, we affirm, and we grant counsel's motion to withdraw.

_____