# United States Court of Appeals

### For the Eighth Circuit

_____

No. 11-2686

_____

United States of America

*Plaintiff - Appellee*

v.

Todd Richard Franik

*Defendant - Appellant*

_____

Appeal from United States District Court
for the District of Minnesota - St. Paul

_____

Submitted: May 14, 2012
Filed: August 6, 2012

_____

Before SMITH, ARNOLD, and COLLOTON, Circuit Judges.

_____

SMITH, Circuit Judge.

Todd Richard Franik pleaded guilty to one count of interstate transportation of a minor with intent to engage in criminal sexual activity, in violation of 18 U.S.C.

§ 2423(a). The district court[1] sentenced Franik to 360 months' imprisonment, applying an upward variance of 33 months from the high end of the Guidelines range. On appeal, Franik argues that his sentence is substantively unreasonable based on the factors in 18 U.S.C. § 3553(a). We affirm.

## I. *Background*

On August 2, 2010, after using methamphetamine, Franik drove through the streets of Duluth, Minnesota. While driving, he saw a 13-year-old girl, S.S., walking her dog in West Duluth. He parked his car in front of her, feigning car trouble. He then asked S.S. if she knew the location of the Duluth Zoo. Afterwards, he grabbed S.S., forced her and her dog into his trunk, and drove away.

Franik drove on Minnesota State Highway 23 to Cooke State Park, crossing into Wisconsin and then back into Minnesota. He then retrieved S.S. from his trunk, walked her to a secluded area in the woods, and tied her to a tree with duct tape. He then lifted up her shirt, pulled down her shorts and underwear, and fondled her. As he contemplated engaging in sexual intercourse with S.S., he told himself, "I can't do this." He then bound S.S. to a downed tree and fled. S.S. eventually freed herself and escaped. She wandered to a nearby restaurant, where employees reported her abduction and sexual assault to the local police.

The next day, Duluth police arrested Franik in West Duluth after an officer saw him drive by the crime scene on two occasions. On October 5, 2010, a grand jury indicted Franik on one count of interstate transportation of a minor with intent to engage in criminal sexual activity, in violation of 18 U.S.C. § 2423(a). He later pleaded guilty to the count.

---

[1]The Honorable Donovan W. Frank, United States District Judge for the District of Minnesota.

At sentencing, the district court calculated a total offense level of 37 and a criminal history category of III. Part of this total offense level stemmed from a jury conviction for unlawful possession of a shotgun. Franik had six other convictions for offenses that did not contribute to his criminal history under the Guidelines. Based on Franik's total offense level of 37 and criminal history category of III, both parties agreed that the applicable Guidelines range was 262 to 327 months' imprisonment. The government requested an upward variance of 33 months, based, in part, on S.S.'s parents' testimony describing the impact that Franik's behavior had on their family. Franik requested a downward variance of 22 months. Franik argued that the district court should vary downward because he was under the influence of methamphetamine, did not use a weapon, did not engage in sexual intercourse with S.S., accepted responsibility for his actions, had spent most of his adult life in prison, and had no prior history of criminal sexual activity. Taking into account the § 3553(a) factors, the district court found that "the advisory [G]uidelines don't take into account . . . the high risk to re-offend and the extraordinary trauma that was occasioned upon this victim and her family." The court found that "anything less than a 30-year sentence would not promote respect for the law, and provide the safety and deterrence that the community deserves." The court varied upward, sentencing Franik to 360 months' imprisonment.

## II. *Discussion*

On appeal, Franik argues that the district court erred in imposing a 33-month upward variance. Specifically, Franik argues that the sentence is greater than necessary to accomplish the goals and objectives of sentencing set forth in § 3553(a), and that the district court gave insufficient weight to important mitigating facts. "When we review the imposition of sentences, whether inside or outside the Guidelines range, we apply a deferential abuse-of-discretion standard." *United States v. Feemster*, 572 F.3d 455, 461 (8th Cir. 2009) (quotations and citations omitted). "Where, as here, [Franik] does not argue that the district court committed a procedural error, we bypass the first part of our review and move directly to review the

substantive reasonableness of his sentence." *United States v. Werlein*, 664 F.3d 1143, 1146 (8th Cir. 2011) (quotation and citation omitted).

> In the absence of procedural error below, we "should then consider the substantive reasonableness of the sentence imposed under an abuse-of-discretion standard." *Gall v. United States*, 128 S.Ct. 586, 597 (2007). In conducting this review, we are to "take into account the totality of the circumstances, including the extent of any variance from the Guidelines range." *Id.* If the defendant's sentence is within the Guidelines range, then we "may, but [are] not required to, apply a presumption of reasonableness." *Id.* But we are not permitted to apply a presumption of unreasonableness if the sentence is outside the Guidelines range. *Id.* Instead, we "may consider the extent of the deviation, but must give due deference to the district court's decision that the § 3553(a) factors, on a whole, justify the extent of the variance." *Id.* We *may not* require "'extraordinary' circumstances to justify a sentence outside the Guidelines" and are prohibited from "the use of a rigid mathematical formula that uses the percentage of a departure as the standard for determining the strength of the justifications required for a specific sentence." *Id.* at 595. Just because we "might reasonably have concluded that a different sentence was appropriate is insufficient to justify reversal of the district court." *Id.* at 597.

*Feemster*, 572 F.3d at 461–62.

Franik first argues that his sentence is greater than necessary to accomplish the goals and objectives of sentencing set forth in § 3553(a). Specifically, Franik argues that a 240-month sentence will more than satisfy the goals of § 3553(a) and that the Guidelines range already accounted for the severity of the crime. "[A] district court's mandate is to impose a sentence sufficient, but not greater than necessary, to comply with the purposes of section 3553(a)(2)." *United States v. Toothman*, 543 F.3d 967, 971 (8th Cir. 2008) (quotation and citation omitted). Here, the district court found that the Guidelines range did not adequately account for the harm caused to the victim

and her family or the likelihood that Franik would re-offend. The district court relied on the testimony of S.S.'s parents and reviewed Franik's record, which showed that, despite prior incarcerations, he had continued to commit crimes of increasing severity. Taking these factors into account, the district court found that Franik's sentence would not accomplish the objectives of § 3553(a) without the 33-month upward variance. We have previously rejected Franik's argument that the district court abused its discretion by considering factors used for other sentencing purposes in determining whether to impose a variance. *See United States v. Chase*, 560 F.3d 828, 831 (8th Cir. 2009) ("[F]actors that have already been taken into account in calculating the advisory guideline range, such as a defendant's lack of criminal history, can nevertheless form the basis of a variance."). Thus, given the instant record, we find that the district court did not "impose a sentence . . . greater than necessary[] to comply with the purposes of section 3553(a)(2)." *Toothman*, 543 F.3d at 971 (quotation and citation omitted).

Franik also argues that the district court gave insufficient weight to important mitigating factors. Specifically, Franik argues that the court did not adequately consider Franik's methamphetamine usage, that he did not consummate the contemplated sex act with S.S., and that he did not have a weapon. We disagree. The district court acted within its discretion in deciding that Franik's methamphetamine usage did not mitigate his criminal conduct. Further, notwithstanding his withdrawal, he still kidnaped S.S., bound her, and fondled her. Finally, although Franik did not use a weapon when he forced S.S. into the trunk of his car, removed her clothing, and bound her to a tree in the woods, he committed a heinous crime worthy of the sentence imposed. Thus, under these circumstances, the district court did not abuse its broad sentencing discretion.

III. *Conclusion*

Accordingly, we affirm the judgment of the district court.

_____