# United States Court of Appeals
## For the Eighth Circuit

_____

No. 13-1345
_____

United States of America

*Plaintiff - Appellee*

v.

Michael Romeo Geraci, also known as Michael Garfield Blakepotter

*Defendant - Appellant*
_____

Appeal from United States District Court
for the District of Minnesota - St. Paul
_____

Submitted: October 21, 2013
Filed: March 7, 2014
[Unpublished]
_____

Before BYE, SMITH, and BENTON, Circuit Judges.
_____

PER CURIAM.

In September 2012, Michael Geraci pleaded guilty to possession of an unregistered firearm, in violation of 26 U.S.C. §§ 5841, 5861(d), and 5871. The

district court[1] sentenced Geraci to the within-Guidelines statutory maximum of 120 months' imprisonment. Geraci challenges the substantive reasonableness of this sentence. We affirm.

## I. *Background*

In April 2012, a confidential informant working with the St. Paul Police Department arranged various methamphetamine sales. Consequently, the informant and Geraci exchanged phone calls and text messages. Geraci expressed his desire to sell a sawed-off shotgun. In one message, Geraci proposed trading the shotgun for methamphetamine. At an arranged meeting based on these conversations, Geraci appeared in a stolen vehicle to complete the transaction. Police officers stopped and searched Geraci's vehicle and discovered the shotgun. The shotgun's dimensions were illegal, and it was not registered in the National Firearm Registration and Transfer Record Database. Geraci immediately admitted ownership of the shotgun, claiming that he needed it for protection after he had recently been severely beaten and robbed.

The government filed a two-count indictment against Geraci alleging that he (1) was a felon in possession of a firearm and (2) possessed an unregistered firearm. The statutory maximum for each offense is 120 months. In September 2012, Geraci pleaded guilty to possession of an unregistered firearm, so the government dropped the felon-in-possession charge. In the plea agreement, the parties anticipated a criminal history category of IV but differed over calculation of the offense level. The government argued for an offense level of 27, whereas Geraci argued for an offense level of 19. Under the government's calculation, the appropriate Guidelines range would have been 100–120 months whereas Geraci's calculation yielded a range of 46–57 months.

---

[1]The Honorable David S. Doty, United States District Judge for the District of Minnesota.

The United States Probation Office prepared a presentence report (PSR) that calculated both a higher criminal history category and a higher offense level than either the government or Geraci contemplated. It determined that Geraci's criminal history category was VI because Geraci was a career offender pursuant to U.S.S.G. §§ 4B1.1 and 2K2.1(a)(1). Geraci had been previously convicted of fleeing police in a motor vehicle. He had also been convicted of second-degree assault and sentenced to 33 months' imprisonment for hitting a woman with a bat multiple times during a robbery. The PSR took the position that Geraci's two prior felonies were crimes of violence under U.S.S.G. §§ 4B1.1 and 2K2.1(a)(1). It determined the offense level to be 29, resulting in a Guidelines range of 151–188 months.

The PSR also detailed Geraci's difficult childhood. His father was incarcerated, and his mother abandoned him. School misconduct led to his expulsion. He began abusing alcohol and drugs, including methamphetamine and cocaine, by age 13. Psychological evaluations indicated Geraci suffered from bipolar disorder, severe conduct disorder, mood disorder, and attention deficit hyperactivity disorder. He also exhibited a history of depression.

Geraci objected to the PSR, arguing that the district court should not consider his fleeing-from-police conviction to be a crime of violence.[2] He also sought a downward departure, arguing that his sentence would be unduly severe under the PSR calculation considering the circumstances of this crime, his insignificant criminal history, and his "confession"[3] to trading the shotgun for methamphetamine via his communications with the informant. The government argued for an offense level of 27 and criminal history category of VI. Because the resulting range exceeded the

[2]Geraci does not appeal this determination.

[3]Geraci never actually confessed this fact to authorities; rather, Geraci's text message to the informant evidenced Geraci's desire to trade the weapon for methamphetamine.

statutory maximum, the government ultimately sought a sentence between 110–120 months.

The district court determined that Geraci qualified for a criminal history category of VI and an offense level of 27. In calculating the offense level, the district court began with an offense level of 26 pursuant to U.S.S.G. § 2K2.1(a)(1), added four levels for possessing a firearm in connection with another felony, and subtracted three levels for acceptance of responsibility. This resulted in a Guidelines range of 130–162 months, but because the statutory maximum was only 120 months, the Guidelines recommendation became 120 months. The district court sustained Geraci's objection that the criminal history category of VI as mandated by his career-offender status overrepresented his criminal history, so the district court lowered his criminal history category to V. This resulted in a new Guidelines range of 120–150 months. This produced the sentencing rarity where the bottom of the Guidelines range matched the statutory maximum. The district court sentenced Geraci to 120 months' imprisonment.

## II. *Discussion*

Geraci argues that his 120-month sentence is substantively unreasonable because the sentence "gave too much weight to the extremely high advisory guidelines [that] applied to his case, and insufficient weight to the many mitigating facts from his life, as well as his substantial acceptance of responsibility." The government contends that the district court acted within its discretion to impose the 120-month sentence.

"'Where, as here, [Geraci] does not argue that the district court committed a procedural error, we bypass the first part of our review and move directly to review the substantive reasonableness of his sentence.'" *United States v. Franik*, 687 F.3d 988, 990 (8th Cir. 2012) (quoting *United States v. Werlein*, 664 F.3d 1143, 1146 (8th Cir. 2011)). In reviewing a sentence for substantive reasonableness, we must

determine whether the sentence was reasonable considering the totality of the circumstances. *United States v. Feemster*, 572 F.3d 455, 461 (8th Cir. 2009) (en banc). We seek to determine whether the district court abused its discretion in imposing the sentence. *Franik*, 687 F.3d at 990. "A district court abuses its discretion when it (1) fails to consider a relevant factor that should have received significant weight; (2) gives significant weight to an improper or irrelevant factor; or (3) considers only the appropriate factors but in weighing those factors commits a clear error of judgment." *Feemster*, 572 F.3d at 461 (quotations and citation omitted).

District courts "shall impose a sentence sufficient, but not greater than necessary, to comply with the" sentencing goals of 18 U.S.C. § 3553(a). District courts must then consider factors set forth in § 3553(a) to determine a sentence. 18 U.S.C. § 3553(a). Section 3553(a) factors include, among others, the nature and circumstances of the offense, the history and characteristics of the defendant, the need to provide just punishment for the offense, the need to protect the public from further crimes by the defendant, the need to provide the defendant with correctional treatment, and the kinds of sentences available. 18 U.S.C. § 3553(a). District courts need not recite every § 3553(a) factor, for "[i]f a district court references some of the considerations contained in § 3553(a), we are ordinarily satisfied that the district court was aware of the entire contents of the relevant statute." *United States v. Perkins*, 526 F.3d 1107, 1111 (8th Cir. 2008) (quotation and citation omitted).

A district court has wide latitude in weighing the § 3553(a) factors and assigning some factors significant weight relative to other factors in determining an appropriate sentence. *United States v. Borromeo*, 657 F.3d 754, 757 (8th Cir. 2011). In other words, "[a] district court's choice to assign relatively greater weight to the nature and circumstances of the offense than to the mitigating personal characteristics of the defendant is well within its wide latitude in weighing relevant factors." *United States v. Farmer*, 647 F.3d 1175, 1180 (8th Cir. 2011). Furthermore, sentences within the Guidelines range are presumptively reasonable. *United States v. Rubashkin*, 655

F.3d 849, 869 (8th Cir. 2011). We reverse sentences for substantive unreasonableness only in "unusual" cases. *Borromeo*, 657 F.3d at 757.

Here, the district court imposed a substantively reasonable sentence after it properly considered the § 3553(a) factors. At Geraci's sentencing hearing, the district court stated:

> Now, the Court finds that the sentence imposed is appropriate and reasonable in light of the considerations set forth in 18 United States Code, Section 3553(a). The Court has taken into account the nature and circumstances of the instant offense, as well as the history and characteristics of the defendant, and finds that the sentence imposed is sufficient but not greater than necessary to afford adequate deterrence to future criminal conduct.

We have previously determined that similar language sufficiently addresses the district court's discussion of the § 3553(a) factors. *See United States v. Spencer*, 700 F.3d 317, 325 (8th Cir. 2012) (Bright, J., dissenting) (recognizing that the *Spencer* majority found a nearly verbatim discussion of 3553(a) acceptable).

Geraci contends that the district court gave insufficient weight to four mitigating personal characteristics. First, he argues that the district court failed to weigh Geraci's acceptance of responsibility and cooperation with law enforcement, especially where Geraci could have simply proceeded to trial if he was going to receive the maximum penalty. Geraci conveniently ignores, however, that the government dropped the felon-in-possession charge that also carried a ten-year maximum sentence as a result of his plea agreement. He also avoided the potential uncertainty and fatigue of trial. Furthermore, the district court expressly considered these facts, for Geraci already received a three-level reduction in his offense level based on acceptance of responsibility pursuant to U.S.S.G. § 3E1.1. Consequently, the district court did not fail to give these facts insufficient weight.

Second, Geraci claims that the sentence overstates his criminal history and the likelihood that he would commit other crimes. However, the district court did not abuse its discretion in this regard because Geraci had previously committed two other violent, dangerous felonies. Furthermore, the district court reduced his criminal history category from VI to V. Although this reduction did not result in a change of sentence because the ranges exceeded the statutory maximum, it indicates that the district court evaluated whether Geraci's criminal history was overstated. The district court merely gave more weight to Geraci's criminal history than Geraci preferred.

Third, Geraci contends the district court should have weighed more heavily his history of substance abuse and mental illness. The district court, however, expressly considered Geraci's history of substance abuse and mental illness in determining his sentence, noting among other related observations, "[T]he Court is also going to recommend that you participate in a dual diagnosis program, both for mental disease and drug abuse, for mental health and drug abuse." The district court observed how drug abuse and mental health issues have contributed to Geraci's behavior. Thus, the district court expressly considered this factor but assigned it less weight than Geraci wanted.

Finally, Geraci claims that the district court gave insufficient weight to the nature and circumstances of the offense, specifically that Geraci carried his shotgun for protection after he was robbed and severely beaten. Even if Geraci may have used the shotgun for protection previously, he was not using the shotgun for protection when he was arrested; instead, he used the shotgun as consideration for methamphetamine.

The district court did not abuse its discretion by weighing factors differently than Geraci would have liked because "[a] district court's choice to assign relatively greater weight to the nature and circumstances of the offense than to the mitigating

personal characteristics of the defendant is well within its wide latitude in weighing relevant factors." *Farmer*, 647 F.3d at 1180.

## III. *Conclusion*

Consequently, we affirm the judgment of the district court.

_____