# United States Court of Appeals
## For the Eighth Circuit

_____

No. 14-2072
_____

United States of America

*Plaintiff - Appellee*

v.

Laura Dejong

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Western District of Missouri - Kansas City

_____

Submitted: October 17, 2014
Filed: October 24, 2014
[Unpublished]

_____

Before COLLOTON, BOWMAN, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

Laura Dejong directly appeals the sentence the district court[1] imposed after she pled guilty to mail fraud, in violation of 18 U.S.C. § 1341, and to filing a false tax

---

[1]The Honorable Dean Whipple, United States District Judge for the Western District of Missouri.

return, in violation of 26 U.S.C. § 7206. Her counsel has moved for leave to withdraw, and has filed a brief under Anders v. California, 386 U.S. 738 (1967), challenging her sentence. Dejong has filed a supplemental brief, also challenging her sentence, and additionally suggesting that she did not understand an appeal waiver set forth in her plea agreement, and that her counsel was ineffective.

To begin, we decline to enforce the appeal waiver set forth in Dejong's plea agreement. See United States v. Boneshirt, 662 F.3d 509, 516 (8th Cir. 2011) (this court has frequently declined to enforce appeal waiver when record does not establish that district court engaged in colloquy required by Fed. R. Crim. P. 11(b)(1)(N)), cert. denied, 132 S. Ct. 1613 (2012). We also decline to consider any ineffective-assistance claim on direct appeal. See United States v. McAdory, 501 F.3d 868, 872-73 (8th Cir. 2007) (appellate court ordinarily defers ineffective-assistance claims to 28 U.S.C. § 2255 proceedings). Upon careful review of the district court's sentencing decision, we conclude that no abuse of discretion occurred. See United States v. Feemster, 572 F.3d 455, 461-62 (8th Cir. 2009) (en banc) (describing appellate review of sentencing decisions); see also United States v. Franik, 687 F.3d 988, 991 (8th Cir. 2012) (factors that have already been taken into account in calculating advisory Guidelines range can nevertheless form basis of variance; concluding that no abuse of discretion occurred where district court found Guidelines would not accomplish objectives of 18 U.S.C. § 3553(a) without upward variance).

As for counsel's motion to withdraw, we conclude that allowing counsel to withdraw at this time would not be consistent with the Eighth Circuit's 1994 Amendment to Part V of the Plan to Implement The Criminal Justice Act of 1964. We therefore deny counsel's motion to withdraw as premature, without prejudice to counsel refiling the motion upon fulfilling the duties set forth in the Amendment.

Judge Colloton would grant counsel's motion to withdraw. See <u>United States</u> <u>v. Eredia</u>, No. 13-3538, 2014 WL 4920905, at *1 (8th Cir. Oct. 2, 2014) (unpublished) (Colloton, J., concurring in part and dissenting in part).

_____