# United States Court of Appeals
## For the Eighth Circuit

———————————————

No. 14-1876

———————————————

United States of America

*Plaintiff - Appellee*

v.

Robert Jackson

*Defendant - Appellant*

——————————

Appeal from United States District Court
for the Northern District of Iowa - Cedar Rapids

——————————

Submitted: November 11, 2014
Filed: November 18, 2014
[Unpublished]

——————————

Before RILEY, Chief Judge, BEAM and GRUENDER, Circuit Judges.

——————————

PER CURIAM.

Robert Jackson, a violent sex offender and self-described "pimp," pled guilty to one count of transporting two minor females—one fifteen and the other sixteen—with intent to engage in criminal sexual activity in violation of 18 U.S.C. § 2423(a). Calculating an advisory United States Sentencing Guidelines (Guidelines) range of 360 months to life imprisonment (level 43, category III) and "carefully

consider[ing] each and every factor under 18 [U.S.C. §] 3553(a)," the district court[1] sentenced Jackson to life in prison.  Jackson appeals the substantive reasonableness of his sentence, arguing the district court "mechanically" applied the Guidelines "without a careful analysis of the facts and circumstances unique to this case" and imposed a sentence "greatly in excess of a sentence that is 'sufficient, but not greater than necessary[,]' to achieve the purposes of sentencing."[2]  (Quoting 18 U.S.C. § 3553(a)).

We review the substantive reasonableness of Jackson's sentence for abuse of discretion.  See Gall v. United States, 552 U.S. 38, 51 (2007).  Our review "'is narrow and deferential'" and "'it will be the unusual case when we reverse a district court sentence—whether within, above, or below the applicable Guidelines range—as substantively unreasonable.'"  United States v. Feemster, 572 F.3d 455, 464 (8th Cir. 2009) (en banc) (quoting United States v. Gardellini, 545 F.3d 1089, 1090 (D.C. Cir. 2008)).  "The district court has wide latitude to weigh the § 3553(a) factors in each case and assign some factors greater weight than others in determining an appropriate sentence."  United States v. Bridges, 569 F.3d 374, 379 (8th Cir. 2009).  Because Jackson's life "sentence is within the Guidelines range," we "apply a presumption of reasonableness."  Gall, 552 U.S. at 51.

---

[1]The Honorable Linda R. Reade, Chief Judge, United States District Court for the Northern District of Iowa.

[2]In passing, Jackson also contends the applicable "guidelines are no longer based on empirical research and reasonable sentencing" and result from "Congress interfering with the role of the United States Sentencing Commission and the Judiciary."  Jackson's categorical challenge to the Guidelines on policy grounds is "'not properly made to this court' because on appeal we are 'limited to determining the substantive reasonableness of a specific sentence where the advisory guidelines range was determined' in accordance with the guidelines."  United States v. Pappas, 715 F.3d 225, 229 (8th Cir. 2013) (quoting United States v. Shuler, 598 F.3d 444, 448 (8th Cir. 2010)).

Jackson fails to overcome that presumption. See, e.g., United States v. Lee, 553 F.3d 598, 602 (8th Cir. 2009). Having carefully reviewed the totality of the circumstances evident in the sentencing record, we conclude the district court thoroughly considered the § 3553(a) factors as applied to Jackson and imposed a reasonable sentence given the violent and despicable circumstances of this case. Notwithstanding Jackson's assertion to the contrary, the sentencing transcript reveals the district court made "an individualized assessment based on the facts presented," duly weighed the relevant factors, and "adequately explain[ed] the chosen sentence." Gall, 552 U.S. at 50-51. Jackson's "life sentence is doubtless severe, but it is not substantively unreasonable." United States v. Hoffman, 707 F.3d 929, 937 (8th Cir. 2013). Jackson "committed a heinous crime worthy of the sentence imposed." United States v. Franik, 687 F.3d 988, 991 (8th Cir. 2012).

Because the district court did not abuse its substantial discretion, we affirm.

_____