# United States Court of Appeals
## For the Eighth Circuit

———————————————

No. 14-1964

———————————————

United States of America

*Plaintiff - Appellee*

v.

Ryan I. Willis

*Defendant - Appellant*

——————————

Appeal from United States District Court
for the Western District of Missouri - Kansas City

——————————

Submitted: November 11, 2014
Filed: November 20, 2014
[Unpublished]

——————————

Before BYE, SHEPHERD, and KELLY, Circuit Judges.

——————————

PER CURIAM.

The district court[1] sentenced Ryan I. Willis to 24 months imprisonment, with
no term of supervised release to follow, after Willis's term of supervised release was

———————————————

[1]The Honorable David Gregory Kays, Chief Judge, United States District Court
for the Western District of Missouri.

revoked for the second time. Willis appeals. Having jurisdiction under 28 U.S.C. § 1291, and following careful consideration, we affirm.

Willis pled guilty to possessing with intent to distribute five grams or more of cocaine base, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B) (2006) (amended 2010). Willis violated the conditions of his pretrial release twice before entering this plea agreement. Both violations involved controlled substances. Willis was sentenced to 38 months imprisonment, with 5 years supervised release to follow. Willis served his prison sentence but thereafter violated the conditions of his supervised release by, among other things, using controlled substances. As a result, the district court entered a revocation sentence of time served, with two years supervised release to follow. While Willis was serving this term of supervised release, a violation report and a supplemental violation report were filed with the district court. These reports alleged Willis failed to successfully complete a Salvation Army substance abuse treatment program, failed to report his discharge from the program to his probation officer, and submitted a positive drug test. The reports prompted the district court to hold a revocation hearing. Willis stipulated at this hearing that he violated the conditions of his supervised release as alleged and that the Government could prove each alleged violation. The district court accordingly found Willis violated five special, mandatory, and standard conditions of his supervised release.

At the hearing, Willis's probation officer recommended 18 months imprisonment, with 12 months supervised release to follow. The Government concurred in this recommendation. The district court determined a Guidelines range of three to nine months imprisonment. See United States Sentencing Commission, Guidelines Manual, §7B1.4, p.s. Willis urged the district court to follow the Guidelines range. He stressed that he committed only Grade C violations and was in criminal history Category I. He argued he had no negative law enforcement contact during his second term of supervised release. He also admitted his substance abuse

problem to the district court and stated his treatment program had gone well until he had "fallen off the edge."

The district court acknowledged Willis's substance abuse problem. The district court remarked on Willis's criminal history, discussed particular charges, and noted it "[saw] [in Willis] a lot of entanglements with law enforcement." The district court commented that Willis twice violated pretrial release and twice violated supervised release. It recognized the role illegal drug use played in these violations. The district court stated it "considered all the factors" in 18 U.S.C. § 3553(a). The district court highlighted its consideration of the nature and characteristics of Willis's crime, Willis's violations, and Willis's history and characteristics. It noted the need for deterrence and the need to protect the public. It also credited Willis's honesty. With these factors in mind, the district court sentenced Willis to 24 months imprisonment, with no term of supervised release to follow. The district court explained that its upward variance was "based upon this analysis under [section] 3553(a)" and that it "has taken into consideration the Chapter 7 policy statements and believes the sentence above this revocation guideline range is appropriate pursuant" to the section 3553(a) factors.

Willis now contends the district court's sentence "was greater than necessary and substantively unreasonable based upon the facts and circumstances present." Because Willis does not argue the district court committed procedural error, we "move directly to review the substantive reasonableness of his sentence." United States v. Franik, 687 F.3d 988, 990 (8th Cir. 2012) (internal quotation marks omitted). We review the substantive reasonableness of a district court's revocation sentence under a deferential abuse-of-discretion standard. United States v. Merrival, 521 F.3d 889, 890 (8th Cir. 2008); see also United States v. Feemster, 572 F.3d 455, 461-62 (8th Cir. 2009) (en banc) (describing abuse-of-discretion review). "In conducting this review, we are to take into account the totality of the circumstances . . . ." Feemster, 572 F.3d at 461 (internal quotation marks omitted).

Here, the district court acknowledged the Guidelines range, stated it "considered all the factors"[2] in section 3553(a), and specifically addressed several of these factors. Taking all this into account, the district court found an upward variance justified. We are satisfied on review of the record the district court did not abuse its discretion and did not impose a substantively unreasonable revocation sentence. We therefore affirm.

_____

[2]Section 3583(e), which governs a district court's revocation of a term of supervised release, lists only certain of the section 3553(a) factors for consideration. See 18 U.S.C. § 3583(e). We recently noted "the circuits are split whether sentencing under [section] 3583 permits consideration of the factors in [section] 3553(a)(2)(A)." United States v. Martin, 757 F.3d 776, 780 n.2 (8th Cir. 2014) (citing United States v. Clay, 752 F.3d 1106, 1108-09 (7th Cir. 2014)). We express no opinion on this issue here.